(83 App. Div. 150.)

FRITZTUSKIE v. WAUROSKI.

(Supreme Court, Appellate Division, Second Department.   May 28, 1903.)

1. LANDLORD AND TENANT—DISPOSSESSION—SUMMARY PROCEEDINGS—PLEADING —DEFENSE—RES JUDICATA—MOTION.

Under Code Civ. Proc. § 2244, providing that in summary dispossession proceedings the person in possession may file with the judge who issued the process, or with the clerk of the court, a written answer setting forth matter constituting a legal or equitable defense or counterclaim, an objection of res judicata can be raised only by answer, and not by motion to dismiss.

2. SAME—EVIDENCE.

A mere showing that prior proceedings between different parties to recover the same premises had been dismissed was insufficient to establish that the judgment therein was res judicata of the subsequent action to recover the same.

Appeal from Municipal Court of City of New York.

Action by Maggie Fritztuskie against Frances Wauroski to recover certain real estate rented to defendant.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and JENKS, BARTLETT, HIRSCHBERG, and HOOKER, JJ.

Richard F. McKiniry, for appellant.
Willoughby B. Dobbs, for respondent.

JENKS, J. I think that this judgment must be reversed. The petitioner sought a final order awarding her possession of the premises. The court issued precept, and the record shows that on the return day the plaintiff appeared, and complained of the defendant for nonpayment of rent, and that the defendant appeared, and moved for dismissal of the petition on the ground that the proceeding was res adjudicata. The court granted the motion. The learned Municipal Court justice writes:

"The issues in this proceeding were tried before Justice Tierney in the proceedings of Josephine Sodlickie against Frances Wauroski, and it was decided that the relationship of landlord and tenant did not exist between Maggie Fritztuskie and Frances Wauroski. Final order 20th January, 1903, dismissing the proceeding."

But I think that there were no issues. An issue arises when a question of fact or a conclusion of law is maintained by one party and controverted by another. The procedure of summary proceeding contemplates an answer. Section 2244, Code Civ. Proc. Even when the tenant filed a counter affidavit, McAdam, J., held that it did not constitute a valid plea under the said section. See, too, People ex rel. Allen v. Murray, 2 Misc. Rep. 152, 155, 159, 160, 23 N. Y. Supp. 160, affirmed 138 N. Y. 635, 33 N. E. 1084. While the tenant could have taken objection by motion "to the jurisdiction of the court, the sufficiency of the petition, notice," etc., I think that she is limited to these and cognate matters (Deutermann v. Nilson [Com. Pl.] 3 N. Y. Supp. 113), and that she could not raise the question of res adjudicata by mere motion upon the proceedings, and without plea upon her part. In Geisler v. Acosta, 9 N. Y. 227, the court held that the plea of res adjudicata could not be disposed of on affidavit of the tenant. If, as the Municipal Court held, this litigation should be regarded as an action for the nonpayment of rent, then I think that the defendant should have raised the question by plea. Section 168 of the Municipal Court act (Laws 1902, p. 1542, c. 580) provides:

"In pleading a judgment or other determination of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction, but the judgment or determination may be stated to have been duly given or made. If that allegation is controverted, the party pleading must, on the trial, establish the facts conferring jurisdiction."

This contemplates the joinder of issue.

The record does not show that the former proceedings were read in evidence, nor do I see how they could have been so read without issue. These proceedings are returned, however, on the present appeal. Inspection of them simply accentuates my conclusion. They consist of petition by Josephine Sodlickie against Frances Wauroski, and of precept on which is indorsed by Justice Tierney, "Final order is, therefore, made the 20th of May, dismissing the proceedings." The mere showing that proceedings to regain possession of the same premises between different parties had been dismissed is not res adjudicata, irrespective of any proof by plaintiff, and beyond counter

proof by defendant. Lewis v. O. N. & P. Co., 125 N. Y. 341, 26 N. E. 301 ; Reynolds v. Ætna Life Ins. Co., 160 N. Y. 635, 55 N. E. 305. The judgment should be reversed, and a new trial ordered.

**Final order in summary proceedings reversed, and new trial ordered; costs to abide the event. All concur.**