LOUIS MINSKY, as Agent of ESTHER MINSKY and MARTIN
ENGEL, Landlords-Appellants, v. JOSEPH WELLER et al.,
Tenants-Respondents.

(Supreme Court, Appellate Term, May, 1909.)

Summary proceedings — Sufficiency of affidavit or petition — Juris-
dictional facts.

> A petition in summary proceedings to recover the possession of
> real estate must affirmatively allege the existence of every juris-
> dictional fact, and nothing can be taken by implication.
>
> In summary proceedings to recover possession of real property
> for non-compliance with the requirements of the Commissioner of
> Labor, the petition must affirmatively allege that the person
> against whom the proceeding is instituted is the tenant of a fac-
> tory or tenant-factory; and a petition which describes the prem-
> ises by street, number and location, but is silent as to the char-
> acter of the building or the uses to which it is put, is insufficient.

APPEAL by the landlords from a judgment in favor of the
tenants, rendered in a summary proceeding in the Munici-
pal Court of the city of New York, first district, borough of
Manhattan.

Matthias Radin, for appellants.

Goldfogle, Cohn & Lind, for respondents.

GOFF, J.   At the threshold there is presented the ques-
tion: Does the petition state facts sufficient to warrant the
Municipal Court's assuming jurisdiction?   It is now firmly
established by the law, as an inflexible rule, that, as a pre-
requisite to the exercise of jurisdiction in summary proceed-
ings, every requirement of the statute must be strictly ob-
served.   Nothing can be taken by implication, but every
essential must be affirmatively alleged.   The statute under

which petitioner proceeded is known as the Labor Law. Section 94, as amended by chapter 426 of the Laws of 1908, contains this language: " The lessee or tenant of any part of · a tenant-factory shall permit the owner, his agents and servants, to enter and remain upon the demised premises whenever and so long as may be necessary to comply with the provisions of law,    *    *    *    and his failure or refusal so to do shall be a cause for dispossessing   *   *   *   as provided in the Code of Civil Procedure. And whenever by the terms of a lease any lessee or tenant shall have agreed to comply with or carry out any of such provisions, his failure or refusal so to do shall be a cause for dispossessing said tenant by summary proceedings." In the latter sentence the words " any of such provisions " manifestly refer to and are governed by the words in the preceding sentence, " the provisions of law." It then becomes necessary to ascertain what are " the provisions of law ? " Examination of title II of the Civil Code, relating to summary proceedings, fails to disclose any mention of or reference to the Labor Law or any of its provisions as " a cause " for dispossessing a tenant. Recourse, therefore, must be had to the Labor Law for the cited " provisions of law." Section 2, defining terms, says: " The term factory * * * shall be construed to include also any mill, workshop or other manufacturing or business establishment where one or more persons are employed at labor." Chapter 178 of the Laws of 1906, amended ibid. 1908, added to the Labor Law a new section — 94 — quoted above, which defines a " tenant-factory " as " a building, separate parts of which are occupied and used by different persons, companies or corporations, and one or more of which parts is so used * * * as to constitute a factory." All the powers under the act which are given to the Commissioner of Labor or those acting under his authority to prescribe regulations or require alterations and improvements have reference to the factory or the tenant-factory. His power is derived solely from the statute. He cannot interfere with or exercise any supervision whatever over any building or premises or the tenant of such, except the factory building or premises de-

fined and subscribed by the statute. It follows that summary proceedings to dispossess for non-compliance with the requirements of the Commissioner of Labor can only be instituted against the tenant of a factory or tenant-factory; and that fact must be affirmatively alleged in the petition, for without it the court could not acquire jurisdiction. This petition describes the premises by street, number and location, but is absolutely silent as to the character of the building or the uses to which it is put. For all that appears, it may be a hotel or a private residence. In such case, would the Commissioner of Labor have the power to require the alterations or prescribe the regulations set forth? Clearly not. It is essential to the validity of any notice or order given to or served upon the tenant that it related to his tenancy of a factory, and it is equally essential that the petition should set forth that the building or premises occupied by the tenant is a factory or tenant-factory.

The petition is fatally defective; and the judgment of the Municipal Court should be affirmed, with costs to respondents.

Gildersleeve and Dayton, JJ., concur.

Judgment affirmed, with costs to respondents.