In the Matter of the Petition of COSIMA PALADINO, Respondent, for Summary Dispossession of ALEXANDER J. NOEL, Tenant, Appellant.

County Court, Genesee County, January 14, 1926.

**Summary proceedings to dispossess — issue must be joined upon return of precept under Civil Practice Act, § 1428 — justice of peace adjourned proceeding herein without joining issue on return day — direction of said justice requiring tenant to proceed to trial without jury though demand therefor was made immediately after issue was joined upon adjourned day, error — order reversed.**

Under section 1428 of the Civil Practice Act, upon the return of a precept in a summary proceeding to dispossess, issue must be joined, the answer filed, and then the issue tried by a justice, or before a jury, if demanded, at the time recited in the precept for showing cause.

Accordingly, it was error for a justice of the peace before whom a precept in a summary proceeding to dispossess was returnable, to adjourn said proceeding on the return day and the day thereafter without joining issue and then, three days after the return day of the precept, require said defendant to file an answer and proceed to trial without a jury, though demand was made therefor, since said denial withheld from the defendant a substantial and legal right to which he was entitled. The defendant's demand for a jury trial was timely, where the application therefor was made immediately upon issue being joined on the adjourned day.

APPEAL by tenant from order of Justice's Court in summary proceeding to dispossess.

*Martin Brown,* for the appellant.

*N. A. Macpherson,* for the respondent.

CONE, J. It appears that Cosima Paladino, being the owner of certain premises situated in the town of Le Roy, Genesee county, N. Y., presented a petition for summary proceedings to F. W. Matthews, a justice of the peace of the town of Le Roy, on December 1, 1925, alleging therein that the within named tenant continued in possession of certain premises described in the lease, after the expiration thereof, and upon said petition a precept was issued on December first, and served on the tenant in possession herein, on or about two o'clock P. M. on said day, and said precept was returnable on the same day at four-thirty P. M. before the said justice.

On December 1, 1925, at four-thirty P. M., the petitioner appeared, and the tenant, defendant herein, appeared before the justice and requested an adjournment to obtain counsel, and the justice, without joining of issue, granted the adjournment to December

second at two P. M., when again the petitioner appeared in person, the defendant in person and by his attorney, Martin Brown. At this time the attorney appeared specially for the defendant and raised certain objections to the proceedings, and on that date the justice again, without the joining of issue, and with the consent of counsel, adjourned the proceeding to December 4, 1925, on which day the objections were overruled and the defendant required to show cause by the filing of an answer, and issue was thereupon joined between the parties. Whereupon the defendant made demand for a jury trial and which demand was denied by the justice. Whereupon the trial proceeded before the justice, and on the 7th day of December, 1925, final decree was granted by said justice ordering the tenant, or defendant herein, to remove from the premises; and an appeal on the part of the defendant was taken to this court.

Several questions are urged by the appellant on this appeal:

*First.* That the defendant was denied the right of a jury trial.

*Second.* That certain necessary parties were not served with the precept in this proceeding.

*Third.* That the justice erred in refusing to admit in evidence a certain document purporting to extend the lease of the premises herein.

As to the first objection, as to the right of trial by jury, section 1428 of the Civil Practice Act provides as follows: " The issues joined by the petition and answer must be tried by the judge or justice, unless either party to such proceedings, at the time designated in such precept for showing cause, shall demand a jury * * *."

At the time of the return of the precept herein, to wit, on December 1, 1925, at four-thirty P. M., defendant was not required to answer and no issue was joined; and again on December second, when the defendant's counsel appeared specially, the justice should have decided the objections of counsel and compelled him to show cause, and joined issue by compelling him to file an answer, but rather on his motion, with consent of counsel of the respective parties, the time to show cause and defendant's time to answer was adjourned to December 4, 1925, at two P. M. This whole proceeding is purely statutory, and must be conducted strictly within the provisions of the statute in order to be upheld; and this, it appears, the justice herein failed to do, to wit, on December first at four-thirty P. M., when defendant appeared, and, without requiring him to show cause or to file an answer to said petition, adjourned said proceeding to December second at two P. M., and

again at that hour, without requiring the defendant to show cause or to file answer, the proceeding was adjourned to December fourth, at which time the justice finally required the defendant to show cause as the precept directed, and answer to said petition was filed by the defendant. This was surely the first opportunity that the defendant could demand a jury trial, as up to this time the defendant had not been required to show cause, no answer had been filed, no issue joined, and the provisions of the section herein referred to must be read together and not in separate sentences.

I believe it is the clear meaning of the section that on the return of the precept the issue should be joined, answer filed, and then the issue tried by the justice, or before a jury, if demanded, which must be at the time set forth in the precept for showing cause.

In this proceeding a time was fixed by the precept for showing cause, to wit, December 1, 1925, at four-thirty P. M., but the defendant was not required by the justice at that hour to show cause, or on that day to file a written or oral answer. Again on December second at two P. M. the justice failed to require the defendant to show cause to the allegations of the petition, or to answer, but finally on the return of the precept on an adjourned date before him, to wit, December 4, 1925, at two P. M., the justice required the defendant to show cause and to file his answer, at which time a jury was demanded, as appears by the record; to this demand on the part of the defendant the justice refused to permit a trial by jury.

It is apparent to me in the light of the wording of the section, and the failure of the justice to strictly carry out the provisions thereof on the return of the precept by requiring the defendant to do as the precept directed, but rather on said date, and on December second, adjourned the proceedings, and did other acts, until December fourth, when, as herein stated, defendant was required to show cause, and answer was filed to the petition, which was really the date of the return of the precept by the acts of the justice, and up to which time no issue had been joined, no answer filed, and the defendant could not have demanded a jury trial before this date, as there was no issue involved, and the entire wording of this section must be taken together, as it would be folly to require the defendant to demand a jury trial before any issue between the parties had been joined, and before it could be ascertained that there was to be a trial before a justice or a jury, and by the denial of this right which appears to have been demanded at the first opportunity, a substantial and legal right was withheld from the defendant, and one that has always been held to be

highly prejudicial, and for the reason set forth the decree of removal should be reversed and a new trial granted.

It is not necessary to take up the other questions urged by the appellant, but it is sufficient to say that the return does not disclose that the authority of the agent for the lessor to extend the lease in question was properly proven or sufficient to justify a conclusion other than the one arrived at by the learned justice of the peace.

As to the other question, notice to the person in possession of the premises, by the authorities, seems to have been sufficient.

Order of reversal. Costs, amount of thirty dollars awarded appellant.

Order to be entered on consent or on notice.