MARGARETTA C. CLARK, Appellant, v. SILAS M. NEWTON, Respondent.

Supreme Court, Appellate Term, First Department, June 11, 1931.

*Oudin, Kilbreth & Schackno* [*James T. Kilbreth* of counsel], for the appellant.

*Abraham Freedman,* for the respondent.

FRANKENTHALER, J. In this summary proceeding for non-payment of rent the tenant set up as a defense and counterclaim breach of the landlord's agreement to convey the demised premises to the tenant, pursuant to an alleged option given the tenant, to his damage in the sum of $30,000.

The landlord moved for a bill of particulars of the counterclaim, and the justice below, for the reason that " the question involved herein is so unsettled at this time that a ruling from the appellate courts is desirable," denied the application, with leave to appeal.

Respondent contends that as the provisions of the Civil Practice Act authorizing the court to direct the delivery of a bill of particulars (Civ. Prac. Act, § 247) are applicable only to an action, the Municipal Court had no power to direct the furnishing of a bill in this case.

Prior to 1893 (Laws of 1893, chap. 705) a counterclaim could

not be pleaded in a summary proceeding, and no affirmative judgment could be rendered on a counterclaim in such proceeding until the amendment to section 2244 of the Code of Civil Procedure in 1920 (Chap. 132), providing that the court " may give affirmative judgment for the amount found to be due on the counterclaim."

The result was that what was formerly a special proceeding ending in a final order became a proceeding which might also end in a judgment as well as a final order.

There was a further departure from the original statutory special proceeding effected by chapter 514 of the Laws of 1924, amending section 1425 of the Civil Practice Act by providing for a judgment for rent where the precept contains a notice that demand is made in the petition for rent in arrears and the precept is served at least five days before the return day. (*Matter of Byrne* v. *Padden*, 248 N. Y. 243.)

So that now a summary proceeding may be strictly a summary proceeding as originally, or it may be a summary proceeding in which judgment may be entered in favor of the landlord for rent due, or for the tenant upon his counterclaim. In other words, the controversy, when it may terminate in a judgment for the landlord or for the tenant, may be an action as well as a special proceeding. (Civ. Prac. Act, §§ 4, 5, 7, subd. 8.) While there is no express provision included in article 83 of the Civil Practice Act (sections 1410–1447) for the delivery of a bill of particulars in summary proceedings (subdivision 2-a of section 1410, enacted in connection with the so-called housing laws, being now obsolete), and summary proceedings are entirely statutory (*Liberty Place Holding Corporation* v. *Schwob, Inc.*, 136 Misc. 405; affd., 229 App. Div. 841), the furnishing of a bill of particulars of a demand for a money judgment is so clearly incidental to such demand that we think the court was authorized to direct the service of a bill in this case. (Mun. Ct. Code, § 78, subd. 7.)

But what might be called the special proceeding action as distinguished from the solely possessory proceeding, where availed of by the parties, is still the landlord's summary remedy, not to be held up or delayed by the tenant or undertenants, although if, as in this instance, the landlord deems it necessary to risk delay by demanding particulars of the tenant's counterclaim, there seems no sound reason why such relief may not be awarded.

Order reversed and matter remitted to the court below for disposition of the landlord's application.

All concur; present, CALLAHAN, FRANKENTHALER and UNTERMYER, JJ.