HENRIETTA K. GARDELLA and ROSE BONORI, Appellants, v. JOHN HAGOPIAN, Tenant; TOUMA HEREKLIAN, Respondent.— Order of the Appellate Term, in so far as appealed from, reversed on the law, and order and judgment of the Municipal Court affirmed, with costs in this court and in the Appellate Term. The first defense and counterclaim was properly struck out by the Municipal Court upon the ground that all the questions raised in this defense were litigated in the condemnation proceedings and the matters are, therefore, res judicata. The tenant's ground for relief under this counterclaim is based upon the claim that the cost of relocating the building and equipment was included in the consequential damages that were allowed to the owner. Some item of damage of this character of an unknown amount was doubtlessly included in the consequential damages allowed. The tenant claimed this item both upon the hearing in condemnation proceedings and in the objections filed to the tentative decree. The decision was against her and no appeal was taken. The judgment in that proceeding is a complete bar

to the claim set forth in the first defense and counterclaim here. (*Schuykill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 308; *Baltimore S. S. Co.* v. *Phillips*, 274 U. S. 316.) The second defense is based upon the theory that the tenant is entitled to have the rent for the remainder of the term apportioned. It must be assumed that the court in the condemnation proceedings fixed the damages awarded to the tenant with the appropriate section (§ B15–37.0) of the Administrative Code of the City of New York in mind. It follows that the amount awarded to the tenant must be deemed to include all the damages suffered by her. (Laws of 1901, chap. 466, § 996.) The third defense was also properly struck out. There is no obligation upon the part of the landlord to construct or reconstruct buildings on the demised premises. On the contrary, that duty is placed upon the tenant by the terms of the lease. The Appellate Term reversed the Municipal Court upon the theory that the motion to strike out the defenses and counterclaims was made pursuant to rule 113 of the Rules of Civil Practice and that such rule is not applicable to summary proceedings. The motion could be entertained pursuant to rule 103 on the ground that only questions of law were raised by the pleadings. (*Sim* v. *Pindell*, 140 Misc. 808.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.