HANOVER ESTATES, INC., Landlord, *v.* CHARLES FINKELSTEIN et al., Doing Business as FINKELSTEIN SEWING MACHINE Co., Tenants, and FINKELSTEIN SEWING MACHINE Co., INC., et al., Undertenants.

Municipal Court of the City of New York, Borough of Manhattan, February 2, 1949.

*Samuel Bitterman* and *Jerome A. Strauss* for landlord.

*Samuel B. Herbst* and *John J. Tullman* for tenants and under-tenants.

WAHL, J. In this holdover summary proceeding wherein the precept was issued the 23d day of December, 1948, and made returnable December 29, 1948, the tenant has moved, by way of order to show cause dated the day before the return of the precept and made returnable six days after that return date, to dismiss the petition and all proceedings thereon on several stated grounds. The first ground is stated in general terms " that the Court does not have jurisdiction of the subject matter of this proceeding "; the second ground is " that there is *another action* pending between the same parties for the same *relief* " (italics mine), and the third ground, the one most strongly advanced by the tenant in the moving papers, is the claim " that the landlord has elected its remedy in an action in ejectment in the Supreme Court, New York County, between the same parties, and is thereby barred from instituting or maintaining the within summary proceeding."

The summons and complaint in the ejectment action relating to the premises at 45–51 West 25th Street, borough of Manhattan, were served on or about September 24, 1948. Issue was joined by the service of an answer on October 14, 1948, and said ejectment action is still pending and undetermined.

As is frequently the situation latterly, either by assertion or implication, a desire for a substantial increase of rental is the stimulus prompting the exertions by the landlord. This motive is not entirely absent in the matter before me, and the answer interposed to the ejectment action in the Supreme Court so alleges. Whatever the reason may be, I am only concerned, presently, with an interpretation of the law pertinent to the questions posed.

The question of applicability of the various provisions of the Civil Practice Act, Rules of Civil Practice and the Municipal Court Code pertaining to actions at law as procedural practices in summary proceedings to recover possession of real property is often troublesome, and clouded with uncertainty, doubt and indefiniteness as to if, when, where and how they are to be applied. (*Clark* v. *Newton*, 140 Misc. 510.) The court and the practitioners are confused many times in this respect, and rather than deny the requested procedural step, and in order to avoid a possible denial of justice, the court will accede to the importunities of a practitioner on a demand which is without the scope

of the statutory proceeding. It is in this manner that practices develop to almost the force of a rule of law and continue so until a situation such as has arisen in this summary proceeding is created.

The statute of 1820 creating the summary proceeding remedy was designed to provide a landlord with a simple, expeditious and inexpensive means of regaining possession of his premises in cases where the tenant refused upon demand to pay rent, or where he wrongfully held over without the permission of the landlord after the expiration of his term. (*Reich* v. *Cochran*, 201 N .Y. 450, 453.) The remedy thus provided is not an action but a summary proceeding. (*People ex rel. Allen* v. *Murray*, 2 Misc. 152, 159, affd. 138 N. Y. 635.) This statute, now article 83, sections 1410 *et seq.*, of the Civil Practice Act, furnishes a complete system of procedure for and regulates the prosecution of summary proceedings to recover possession of real property. (*Cohen* v. *Melle*, 43 Misc. 79; *Matter of Tartaglia*, 297 N. Y. 419, 424, revg. 273 App. Div. 821 on other grounds; *Ellenbogen* v. *Caldwell*, 270 App. Div. 946.) It being a statutory proceeding, all the provisions of the statute must be strictly followed to give the court jurisdiction. (*Beach* v. *McGovern*, 41 App. Div. 381.)

The form of the precept, the process by which the tenant is brought into court (*Matter of Smith* v. *Norton*, 204 App. Div. 248), is set forth in section 1418 of the Civil Practice Act, and requires the tenant or other occupants to remove **forthwith from** the property or " *show cause* " (italics mine) before the court why the possession of the property should not be delivered to the petitioner. On the return date of the precept the tenant must show sufficient cause, viz., some legal reason why the order should not be made — such as the filing of an answer creating an issue, or the discovery of objections fatal to the proceeding or the jurisdiction of the court — and if such sufficient cause is not shown, the justice must make his final order in favor of the petitioner (Civ. Prac. Act, § 1430; *People ex rel. Allen* v. *Murray*, *supra*, p. 155). The procedure of summary proceedings contemplates an answer which creates an issue (Civ. Prac. Act, § 1425; *Fritztuskie* v. *Mauroski*, 83 App. Div. 150), and the court cannot adjourn the proceeding if issue is not joined unless upon consent of the parties or unless legal objections are made to the maintenance of the proceedings or the jurisdiction of the court requiring judicial examination and judgment. (*People ex rel. Allen* v. *Murray, supra; Matter of Paladino*, 126 Misc. 488.) Even though after issue is joined the court has the power to adjourn the proceeding, it cannot grant a longer time than ten

days except by consent of all parties. (Civ. Prac. Act, § 1429; *People ex rel. Allen* v. *Murray, supra.*) While a tenant, as part of his burden " to show cause ", can take objection by motion to the jurisdiction of the court or the sufficiency of the petition or any notice on which it may be based (*Fritztuskie* v. *Wauroski, supra*), such objections are limited at that stage of the proceeding to such facts as may appear on the face of the proceeding. (*Shelton Management Corp.* v. *Rosenkrantz,* 184 Misc. 355; *Gilroy* v. *Becker,* 186 Misc. 93; *Smith* v. *Scott,* 190 Misc. 600.)

In the light of the well-established holding that the statute regulating summary proceedings for recovery of real property, article 83 of the Civil Practice Act, shows the legislative intent to make the proceeding, in the words of Judge McAdam in *People ex rel. Allen* v. *Murray* (*supra,* p. 156) " to be ' summary,' short, sharp, [and] decisive " and that the legislative purpose and intent must be respected, how can it be said that those procedural steps usual and necessary to actions at law are, as a matter of course, applicable to summary proceedings? (See, also, *Dubowsky* v. *Goldsmith,* 202 App. Div. 818; *Clark* v. *Newton, supra.*) If the motion practices set forth in rules 102, 103, 104, 105, 106, 107, 108, 109 and 110 of the Rules of Civil Practice were applicable to these summary proceedings, then, as under rule 7 of General Rules of the Municipal Court of the City of New York, a motion cannot be made returnable in less than five days from the service thereof, in many instances the motion would be returnable on a date subsequent to the return date of the precept, in direct contradiction of the statute. If a " show cause " order were procured to be returnable at the same time as the return of the precept, there would then be the anomalous situation created whereby the party who is required " to show cause " by the mandate of the court and the statute, is thus permitted to require the petitioner who seeks the summary remedy " to show cause " why he should not be dismissed, for he cannot plead over. And in the event such party's motion were denied, he would be permitted additional time to answer. (Civ. Prac. Act, § 283.) It has been held that motions under rule 113 of Rules of Civil Practice are not applicable to summary proceedings (*905 West End Ave. Corp.* v. *Peers,* 118 Misc. 754; *Gardella* v. *Hagopian,* 263 App. Div. 816); and the same applies to motions for judgment on the pleadings (*Koss* v. *United Stores Realty Corp.,* 148 Misc. 912 [App. Term, 1st Dept.]), although the Appellate Division of the Second Department in *Gardella* v. *Hagopian* (*supra*) held they may be entertained under rule 103

where only questions of law were raised by the pleadings. However, there, too, issue had been joined by the filing of an answer on the return day. What is now rule 99 has been held not to be applicable to the petition in a summary proceeding but rule 100 has because of particular provision therefor in section 1415 of the Civil Practice Act. (*Matter of Stuyvesant Real Estate Co.* v. *Sherman,* 40 Misc. 205; *Reserve Finance Corp.* v. *Rosen,* 127 Misc. 591.) Rule 93 has an express legislative provision making it applicable to summary proceedings which is not present in the other Rules of Civil Practice. So, too, is it as to the Municipal Court Code where certain sections have express provisions making them applicable to summary proceedings, but where that is absent, the provisions of article 83 of the Civil Practice Act apply and control the particular procedure, as in the case of costs awarded in these proceedings. (*Mt. Hope Holding Corp.* v. *Tober,* 136 Misc. 826, and cases cited therein.) The Appellate Division of this department has characterized rule 107 of the Rules of Civil Practice as an adaptation to *actions at law* of the old equity practice of raising questions of law by a plea in bar and having them determined before the defendant pleads to the merits. (*Herzog* v. *Brown,* 217 App. Div. 402.) The Legislature created this procedural step and also created the procedural steps set forth in article 83. If it intended one to vary the others, it could have easily so provided by appropriate language. To apply procedural steps, which were enacted to avoid delay and expense and to expedite the disposal of asserted claims which otherwise might be long delayed in their judicial determination, to a summary remedy which was expressly enacted so as to have speedy and definite *relief* in the particular instances would be inconsistent with and destructive of that legislative intent and purpose.

The tenant or respondent is in no way prejudiced by this limitation to the procedural steps set forth in article 83, for it furnishes a complete system of procedure in conformance with all constitutional requirements. On the return day, he may assert by way of " showing cause " and special appearance any objection to the proceedings or the jurisdiction of the court and have the court pass upon such objections. In the event the court overrules the objections, he may still put in issue all the allegations of the petition and have the petitioner sustain them or be dismissed. If a prima facie case is established by the petitioner, he may still attack the jurisdiction of the court over the subject matter or advance any defense he may have. In the

instant case, although I believe the tenant has moved under a procedure inapplicable to summary proceedings, the return date of the precept was adjourned by consent of the parties to the same date this motion was returnable, and as the parties have argued the motion before me with the implied request to determine the issues raised thereon by their stipulations extending my time to decide, I have decided to treat the motion as " showing cause " on the return date by way of objections to the maintenance of the proceedings.

The main objection of the tenant to the maintenance of this proceeding is that under the doctrine of election of remedies, the landlord has elected its remedy in an action in ejectment in the Supreme Court, New York County, between the same parties and is thereby barred from instituting or maintaining the within summary proceeding. The first objection to this contention of the tenant made by way of motion to dismiss is that it cannot be advanced on the return day of the precept or at the opening of the trial to dismiss the proceeding summarily. The doctrine of election of remedies can be taken advantage of only by pleading the election as an affirmative defense. (*Vitarelli* v. *Bruson Constr. Corp.*, 235 App. Div. 804; *Henry* v. *Herrington*, 193 N. Y. 218, 220; *Roberge* v. *Winne*, 144 N. Y. 709; *Epp* v. *Title Guarantee & Trust Co.*, 160 Misc. 554, 556.) These holdings are sufficient authority for a denial of tenant's motion on this point without further ado, but inasmuch as the parties have argued at length and both they and the court have done much research on the question as to whether or not the maintenance of an ejectment action between the same parties as yet undetermined, bars the same landlord from maintaining holdover summary proceedings against the same tenant under the doctrine of election of remedies, the court believes that a ruling at this time on the question as a matter of law will avoid further delay through relitigation of the matter on the prospective trial before this or another court.

The doctrine of election of remedies is a rule of policy laid down to prevent vexatious litigation and like all such rules is somewhat arbitrary. (*Clark* v. *Kirby*, 243 N. Y. 295, 303.) It is a harsh rule which is not to be extended beyond instances where a choice is exercised between remedies which proceed upon irreconcilable claims of right, that is, one may not invoke the aid of the courts upon inconsistent theories. (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 291.) Under this doctrine, the election of a remedy is made when an action is begun

by the deliberate choice, with knowledge of the facts which would enable a resort to the other, of a theory of action inconsistent with and destructive of the other; for implicit in such choice is a waiver and abandonment of the other. Such an election once made is made forever. (*Metropolitan Life Ins. Co.* v. *Childs Co., supra; Lumber Mut. Cas. Ins. Co.* v. *Friedman,* 176 Misc. 703, and cases cited therein.) However, if a party has two or more remedies for a wrong which are independent and consistent with each other, the choice of one will not bar the other, for a party may pursue as many remedies as he legally has, provided they are consistent and concurrent. (*Bowen* v. *Mandeville,* 95 N. Y. 257, 240, and cases cited therein; *Lumber Mut. Cas. Ins. Co.* v. *Friedman, supra.*) "All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose which it seeks to accomplish. Unless some necessary requirement has been omitted, a wrong move or a mistake in the method of seeking relief from the courts ought not to furnish protection for a wrongful act." (*Clark* v. *Kirby, supra,* p. 303.)

The only remedy which a landlord had against a tenant holding over wrongfully without the permission of the landlord after the expiration of his term prior to 1820 was by action in ejectment, often an expensive and dilatory proceeding tending to a denial of justice. The statute of 1820, now article 83 of the Civil Practice Act, authorized the remedy of summary proceedings for the purposes stated above. (*Reich* v. *Cochran,* 201 N. Y. 450, *supra; DeVita* v. *Pianisani,* 127 Misc. 611.) Ejectment is the common-law remedy; summary proceedings to dispossess, covered by the Civil Practice Act (§§ 1410–1447) is the practical and usual remedy. (Walsh, Encyclopedia of New York Law, § 903.) These statutory proceedings are cumulative of, not exclusive of rights of action. (*Juneman* v. *Franklin,* 67 Tex. 411.)

The ejectment action and the summary proceeding between the parties herein both proceed upon the theory that the tenants' estate in the premises has terminated and that they are holding over against the will of the owner landlord. Although they differ in form, one does not allege what the other denies. Though they are consistent, they are not identical. The test is not that the forms of action are different but instead, whether the facts necessary to support the one are consistent with the facts necessary to support the other. (*Lumber Mut. Cas. Ins. Co.* v. *Friedman, supra; Bowen* v. *Mandeville, supra.*) The term-

ination of the tenants' estate in the ejectment action is based on the occurrence of a condition provided for in the lease and re-entry in the form of ejectment action being made by the landlord. In the summary proceeding, the termination of the estate of the tenant is alleged through the operation of a conditional limitation clause in the lease creating the estate. Both are predicated on the lease between the parties, and in the ejectment action the tenants contend that the lease is still subsisting. The presence of both these clauses in the same lease is not inconsistent but gives the landlord alternative remedies, either of which he is at liberty to pursue. (*Martin* v. *Crossley,* 46 Misc. 254; *Kalvin* v. *Sturges,* 196 App. Div. 466.) Section 1445 of the Civil Practice Act states that a final order made in a special proceeding is not a bar to an action of ejectment to recover the same property. The converse of this need not have been stated, for an ejectment action judgment gives complete rights of possession along with mesne damages to a successful plaintiff against those who were party defendants; whereas, it is possible that a final order in a summary proceeding, which is now held to be still " pending " until the warrant is executed (*Whitmarsh* v. *Farnell,* 298 N. Y. 336) may be rendered ineffectual as to recovery of possession if the provisions of section 1435 of the Civil Practice Act are availed of by the tenant.

To hold in this case that once the landlord had elected to bring an action of ejectment against his tenants pursuant to the terms of the lease between them, he has waived the right to and is barred from maintaining holdover summary proceedings to remove his tenants pursuant to the same or similar terms of the same lease, would be an unduly harsh extension of the doctrine of election of remedies. Though different in form, they are both based on the same lease between the parties, and the facts necessary to support the claims or demands made in the action are consistent with the claims or demands in the other. In such a case, there is no true election of remedies for they are consistent and coexist independent of each other, and upon settled principles of law, are each maintainable until satisfaction of the whole damage is finally obtained either in one form or the other.

In support of his contention that the landlord is barred from maintaining this summary proceeding under the above-stated doctrine, and upon the further ground that this court has no jurisdiction to entertain the proceeding because at the time of its commencement there was no landlord and tenant relationship

between the parties, the tenants advance the legal principle that the bringing of an action in ejectment is equivalent to an actual re-entry by the landlord and terminates *ab initio* the estate of the tenant. The gist of this argument is that as no lease existed between these parties when the summary proceeding was instituted, therefore the petitioner is now proceeding upon some claim irreconcilable to the claims asserted under the lease terms in the ejectment action. What the tenant overlooks is that this principle is one of the legal fictions in which the law abounds, and amounts to nothing more than a presumption that the landlord has taken possession at the moment of service of the complaint in the ejectment action. Such a presumption does not become conclusive until he actually takes possession at the termination of the action, at which time under the doctrine of " relation back " it relates back to the commencement of the action. (*Samson* v. *Rose,* 65 N. Y. 411, 417.) Would the tenants here, who resist the landlord's action for possession on a defense of greater possessory rights which could only be asserted therein upon the grounds of a subsisting lease between the parties, accept the holding implicit in their construction of that legal principle, that even though they defeated their landlord's claim for possession, there was no longer any lease protecting their possession, or if the landlord elected to discontinue the ejectment action, that they would be nothing more than statutory tenants? It would be indeed a Pyrrhic victory. To ask the question is but to answer it.

In every holdover summary proceeding brought pursuant to the provisions of subdivision 1 of section 1410 of the Civil Practice Act, there must be shown the fact that the tenant's term had expired before the institution of the proceeding and that he has continued in possession thereafter without the permission of the landlord. If a relationship of landlord and tenant still continued between the parties, the summary proceeding under that subdivision cannot be sustained. It is for the maintenance of a proceeding under subdivision 2 of section 1410 that the conventional relationship of landlord and tenant existed and exists at the time of the commencement of the proceeding must be shown. That statutory requirement formed the basis for the decision of the Appellate Term in this department in *Janes* v. *Paddell* (74 Misc. 409), which the tenants so strongly assert to be controlling on the question advanced in this proceeding. The situations present in that case and in this case are not identical but are the exact opposite. The

summary proceeding in the *Janes* v. *Paddell* case (*supra*) was for nonpayment of rent which requires a subsisting landlord and tenant relationship. The ejectment action between the same parties had been instituted some time prior to the summary proceeding and this led the court to say (p. 414) that the landlord could not blow " ' hot and cold at the same time.' " There the landlord was proceeding on inconsistent and irreconcilable claims of right and had made a true election of remedies. The ruling in *Janes* v. *Paddell* (*supra*) and as distinguished in *Fifty-Fourth St. Realty* v. *Goodman* (80 Misc. 639) is not contra to the holding here but is in consonance with that holding. Here there is no inconsistency in the landlord's position in both the action and the proceeding and the claims to possession by the landlord are not irreconcilable. On all of the foregoing, this court rules as a matter of law that there was no election of remedies made by this landlord so as to bar him from maintaining this summary proceeding.

The second ground advanced by the tenants against the maintenance of this proceeding is likewise untenable. The subdivision of rule 107 of the Rules of Civil Practice which the tenants claim is applicable in this summary proceedings (subd. 4) is that " there is another action pending between the same parties for the same cause " but the tenants state it as " *for the same relief* ". Without deciding whether such a variation is within the scope of the rule or whether or not it is applicable to an action and a proceeding between the same parties, an examination of both pleadings show independent grounds for the maintenance of each. In the ejectment action, the gravamen of the complaint is that there was a breach of condition through violation of the covenant against subletting and the covenant of use with a taking of the landlord's property not demised under the lease. The petition in the summary proceedings is based upon termination of tenancy by election of the landlord through breach of covenant of tenant to comply with New York City fire and building department violations filed after institution of ejectment action.

The objection of another action pending is not matter in bar but matter only in stay of proceedings in one action or the other until the issue has been determined. Also, the possibility or actuality of two trials is not of importance. (*Corporate Investing Co.* v. *Mt. Vernon Metal Products Co.*, 206 App. Div. 273.) What is required is complete identity of parties, cause of action and judgment sought. (*Corporate Investing Co.* v.

*Mt. Vernon Metal Products Co., supra.*) Here there is complete identity of parties, but while possession is sought in both, the causes are not identical and the judgment in one is purely in rem but both in the other. Furthermore, this court has no power under section 1446 or any other section of article 83 of the Civil Practice Act to stay this proceeding.

The petition in this summary proceeding sets forth, prima facie, facts sufficient to confer jurisdiction on this court to entertain this holdover summary proceedings. The landlord states merely that the tenants' term has ended and the grounds under the emergency rent laws on which it is proceeding. It does not allege that it is maintaining it under any separate statutory provisions other than against a holding over tenant. It may be that the landlord is relying upon section 316 of the Labor Law, as the tenant states, but it does not so state affirmatively. If that should develop on the trial of the matter, the tenant will be at liberty to move for dismissal of the petition on jurisdictional grounds under the authority of *Minsky* v. *Weller* (63 Misc. 244). It is sufficient at this time to state that the petition sets forth a ground for dispossession in that the tenants hold over after expiration of term by reason of limitation of term based upon breach· of covenants. (See *Hoffman* v. *Fraad,* 128 Misc. 185.)

Motion of tenants to dismiss proceedings is denied, with leave to tenants to answer within three days from the date hereof and without prejudice to any defense as to the jurisdiction of the court over the subject matter if they so deem it advisable.