Henry Silverman, J.
In this proceeding instituted pursuant to article 83 of the Civil Practice Act, the landlord, owner of a co-operative apartment in the Ritz Tower Hotel, at No. 465 Park Avenue, Manhattan, New York City, seeks to evict the statutory tenant of the apartment to secure possession for his own use. In addition to the usual allegations of a petition in a holdover summary proceeding, the landlord alleges that he has not filed an application for a certificate of eviction with the Temporary State Housing Rent Commission pursuant to the various sections of the State Rent and Eviction Regulations for the reason that the State Residential Rent Law (L. 1946, ch. 274, as last amd. by L. 1957, ch. 755) is unconstitutional in its entirety in that no emergency exists justifying such legislation, and that the Legislature acted arbitrarily and without any real factual basis.
In his brief the landlord contends that he does not have to exhaust administrative remedies available under the Rent and Eviction Regulations of the Temporary State Housing Rent Commission before he can attack the constitutionality of the State Residential Rent Law.
By stipulation, Robert C. Weaver, as State Rent Administrator was authorized to intervene as a party to this proceeding, and by order of Mr. Justice Shalleok, the Attorney-General of the State of New York was directed to “ appear at any trial or hearing in support of the constitutionality of the emergency housing rent control laws ” pursuant to section 71 of the Executive Law.
The State Rent Administrator, the Attorney-General and the tenant have interposed answers to the petition, all substantially alleging:
*435 (a) General denial.
(b) As an affirmative defense, that the 1957 legislative extension of rent control was not arbitrary or capricious and that a reasonable basis existed therefor.
(c) As a second affirmative defense, that the constitutionality of the re-enacted statute may not be questioned for lack of factual basis, since the statute itself expressly provides procedures for the abolition of controls whenever a factual basis for its continuance no longer exists.
(d) As a third affirmative defense, that this court is without jurisdiction over the subject of the proceeding at this time, since the landlord has failed to exercise and/or exhaust the administrative remedies available to him under the express provisions of the statute and regulations.
The State Rent Administrator, the Attorney-General and the tenant now move for an order to dismiss the petition pursuant to rules 103, 106 (subd. 4), 112, and 113 of the Rules of Civil Practice.
After the service of the petition, and before answers were interposed, the State Rent Administrator and the tenant made motions to dismiss the petition pursuant to rule 106 (subds. 1, 4) of the Rules of Civil Practice. The motions Avere denied by Mr. Justice Shalleck, and the State Rent Administrator and the tenant were directed to serve and file answers to the petition. The landlord now contends that such determination constitutes the law of the case, and the State Rent Administrator and the tenant contend that such denial of their motions was without prejudice to a renewal thereof after issue was joined. That question need not be determined by this court, as the petition has been substantially amended several times since then by consent of the parties, the original petition having been superseded by the last-amended petition (Westinghouse Elec. Corp. v. Lyons, 281 App. Div. 820).
This is a court of limited jurisdiction. The Legislature, by article 83 of the Civil Practice Act, has conferred jurisdiction upon the court enabling landlords to obtain possession of their premises under the various provisions set forth therein. The remedy is a special proceeding designed to resolve the questions involved expeditiously and summarily, and is known as a summary proceeding. It has been held that motions for judgment on the pleadings, motions for summary judgment and other procedural remedies are not applicable to a summary proceeding (Koss v. United Stores Realty Corp., 148 Misc. 912; Hanover Estates v. Finkelstein, 194 Misc. 755). The petition must allege the existence of the jurisdictional requisites, but the answer may *436 be oral or written. The provisions of the statute and the practice of the courts are directed towards a prompt and early disposition of the controversy.
However, where, as here, summary proceedings involve more than the simple issues originally contemplated, the courts have at times refused to adopt a slavish adherence to the rigid provisions of article 83 of the Civil Practice Act. Thus, in Koss v. United Stores Realty Corp. (supra), the Appellate Term, First Department, while holding that judgment on the pleadings was not warranted in a summary proceeding, nevertheless treated the application ‘1 as one to dismiss on the ground that the petition is insufficient ”. (See, also, Alexander v. O’Brien, 6 N. Y. S. 2d 614; Gardella v. Hagopian, 263 App. Div. 816.)
Regardless of the inapplicability of pretrial motions to landlord-tenant proceedings generally, the instant motions, in my opinion, may be considered as if, at the time of trial, a motion was made to dismiss the petition as insufficient (Hanover Estates v. Finkelstein, 194 Misc. 755, supra). By the pleadings the only real issue involved is the constitutionality of the State Residential Rent Law. Issues relating to ownership, good faith, payment of rent, etc., on which the parties are entitled to summary disposition, are not present in the instant proceeding. The tenant has conceded that if the rent laws be held unconstitutional, the landlord is entitled to possession.
I appreciate that the court has the power to declare a statute unconstitutional if it clearly appears that it is void, and if the one contending for its invalidity is an aggrieved party. However, a court of limited jurisdiction should be reluctant to declare a legislative enactment void when its purpose, in the exercise of police power is to protect the welfare of persons to whom the act applies. Deep in our law is the principle that of all the powers of local government, the police power is “ one of the least limitable ” (District of Columbia v. Brooke, 214 U. S. 138, 149). In Johnson v. City of New York (274 N. Y. 411, 430), the court stated: ‘ ‘ It has been our repeated admonition that legislation should not be declared unconstitutional unless it clearly appears to be so; all doubts should be resolved in favor of the constitutionality of an act.”
To the same effect see Garcia v. Pan Amer. Airways (183 Misc. 258, affd. 269 App. Div. 287, affd. 295 N. Y. 852, cert, denied 329 U. S. 741), where the court stated, at pages 259-260: “ The power to declare a law unconstitutional should be exercised cautiously by .a lower court and avoided if possible; and unless it appears clearly, without the slightest doubt, that the law is unconstitutional, it is the better practice for the lower court *437 to assume its constitutionality until the contrary is declared by a court of appellate jurisdiction. This policy is especially desirable where the law is of great importance and far-reaching effect, or if the law has been effective for an appreciable period of time (16 C. J. S., Constitutional Law, § 93, subd. b).” (See, also, Dekrone v. Bussitil, 199 Misc. 70; Bohling v. Corsi, 204 Misc. 778, 783.)
We now come to the question of whether or not the landlord in this proceeding is in a position to attack the constitutionality of the State Residential Rent Law. It is well settled that before one can question the constitutionality of a legislative enactment, he must be an aggrieved party (Matter of Murtha v. Monaghan, 1 A D 2d 178,189, affd. 2 N Y 2d 819; Long v. Somervell, 175 Misc. 119,124, affd. 261 App. Div. 946; Thompson v. Wallin, 276 App. Div. 463, 466; 16 C. J. S., Constitutional Law, § 76, n. 52). The State Residential Rent Law and the Rent and Eviction Regulations of the Temporary State Housing Rent Commission contain provisions enabling landlords to secure possession of premises under certain prescribed conditions. The landlord in his petition has alleged that the various sections of the State Residential Rent Law and the regulations do not apply to his situation, and that therefore there is no remedy available to him to secure possession of the apartment in question. Hence, he claims that he is being unjustly deprived of the benefit of his property without due process of law, and is therefore an aggrieved party. In his petition the landlord alleges that it would be ‘ ‘ futile ’ ’ for him to apply for a certificate under section 54 of the regulations, which authorizes the issuance of a certificate of eviction in situations other than those covered by sections 55 through 59 of the regulations, where “ the requested removal or eviction is not inconsistent with the purposes of the Act or these Regulations and would not be likely to result in the circumvention or evasion thereof.” The basis for this conclusion of futility rests solely on the assertion that an unnamed “ Administrator’s representative has stated that such a certificate would not be granted.” It appears from the amended petition that the tenant now owns a residential co-operative apartment in a first-class hotel on Fifth Avenue which is comparable in all respects with the premises involved in this proceeding, and it may very well be that the State Rent Administrator would issue a certificate of eviction if the landlord made application therefor under section 54 of the regulations (see Administrator’s Opinion No. 118; see, also, provisions for decontrol set forth in L. 1957, ch. 755).
It is a well-settled legal principle that “ when administrative proceedings are afforded, resort may not be had to the court *438 until exhaustion of such process ” (Suppus v. Bradley, 278 App. Div. 337, 339).
It is the landlord’s contention that he is an aggrieved person, and hence he may attack the constitutionality of the entire act on the basis that no emergency exists. Many decisions of the courts have held that the rent control law is valid. As recently as July, 1957, the Court of Appeals upheld the constitutionality of the 1957 act in Matter of Hotel Assn. of N. Y. C. v. Weaver (3 N Y 2d 206). In December, 1957, Justice Pette, in Rublick v. Weaver (9 Misc 2d 169, 621) stated, referring to the State Residential Rent Law: “ The statute in question is constitutional.” On the basis of stare decisis, it is extremely doubtful whether this landlord can now question the validity of the statute.
The petition does not adequately allege facts to show that these decisions should not be binding on this court. The petition merely alleges, inter alia, that the emergency conditions which prompted the legislation “ did not exist, have not existed since that time and do not exist ” and that “ the Legislature acted arbitrarily, and without any factual basis for its declaration of the aforesaid emergency until June 30,1959, and in disregard of the non-existence of any such emergency ” without, however, alleging any ultimate facts to support such allegations. In his affidavit submitted in opposition to these motions the landlord annexed copies of the New York Times real estate section, showing advertisements of apartments available in New York City and reports of the New York City Housing Authority concerning relocation of tenants in housing projects in New York City. Only recently, the scope of judicial inquiry into the constitutionality of commercial and business rent control laws was restated by the Court of Appeals to be “ whether there existed * * * a reasonable basis for findings justifying continuance of rent controls * * * In other words, was the legislative choice without rational basis 1 ” (Lincoln Bldg. Associates v. Barr, 1 N Y 2d 413, 417-418.)
In applying that test here, it must be remembered that, unlike the Business or Commercial Rent Control Law (L. 1945, chs. 3, 314, 315, as amd.), which was the subject of consideration in the Lincoln case and which affected New York City alone, the residential rent control law here challenged imposes rent controls on numerous cities and communities throughout New York State, as well as on housing accommodations of varied sizes and rental levels and under said law, regulations were adopted affording remedies available to landlords by application to the Temporary State Housing Rent Commission. The Business or Commercial Rent Control Laws did not have such remedies available. Since *439 petitioner attacks the act in toto, his challenge, to be successful, would have to establish the absence of a rational basis for rent controls in every area where they apply and at every rental level. Conversely, his failure to prove the lack of a rational basis in the legislative choice for any one of these localities at any rental level, or an affirmative showing of a rational basis for any area at any rental level, requires the rejection of his challenge. In his petition, however, the landlord ignores and overlooks the fact that the State Residential Rent Law is applicable in other cities and communities throughout the State of New York. If it is his contention that the act is only partially invalid, and that such partial invalidity deprives him of his property rights without due process, under our decisions he cannot attack the constitutionality of the entire law without first' availing himself of the remedies provided by the act and regulations. If unsuccessful, he may then proceed under article 78 of the Civil Practice Act or institute an action for a declaratory judgment in the Supreme Court.
In my opinion, this court is not the proper forum for such a declaratory judgment. This is a summary proceeding, and no landlord should be permitted to by-pass or circumvent the rent control law and regulations without first exhausting the administrative remedies available, since it is quite possible that a certificate of eviction may be granted if application is made therefor. One is not an aggrieved person deprived of property rights without due process unless he first attempts to secure relief which is available and to which he feels justly entitled (Suppus v. Bradley, 278 App. Div. 337, supra; Matter of Schutt v. Macduff, 205 Misc. 43, 50; Bibber v. Weber, 199 Misc. 906; Matter of Murtha v. Monaghan, 1 A D 2d 178, affd. 2 N Y 2d 819, supra; Connelly v. Department of Agriculture and Markets 162 Misc. 73, 78-79; Annpaul Reatty Corp. v. Town of Hempstead, N. Y. L. J., March 5,1958, p. 11, col. 3).
For all of the foregoing, the court finds that the petition is insufficient and is dismissed.