Lawrence H. Cooke, J.
In this summary proceeding tenants move to dismiss the petition and precept upon the ground that the petition is insufficient in law in that it “ does not properly or sufficiently describe the real property which is the subject to this proceeding ” and in that the petition “ does not allege that any notice to vacate was given to respondent Faye Proyect ”.
The petition indicates that the landlord is the owner of certain premises at Woodridge of which the premises “hereinafter described ” are a part and that the landlord became such owner by virtue of a deed from Herman Caro dated June 30, 1958 and recorded in the Sullivan County Clerk’s office. The premises in question are stated to be situate in the Village of Woodridge, Sullivan County, New York and are described in the petition as follows: “ Being a parcel of land situate westerly of Wood-ridge, N. Y. station in the location and to the extent substantially as outlined in red coloring upon the map hereto attached; excepting and reserving therefrom a right of way forty (40) feet in width running from the adjacent highway to a coal dumping hopper in the location and to the extent substantially shown in yellow coloring upon the map hereto attached and made a part hereof. ’ ’ Although a ‘ ‘ map hereto attached ’ ’ is referred to, no map is annexed to the petition or precept. A check made on behalf of the court in the Sullivan County Clerk’s office concerning the said Caro deed and the maps referred to in said deed provided no further assistance of value or substance in describing or locating the premises.
The statute requires that the petition contain a description of the premises of which possession is claimed so that they may be identified properly and with certainty, same being necessary in order to confer jurisdiction (Civ. Prac. Act, § 1415; 14 Carmody-Wait, New York Practice, p. 364; 3 New York Law *625 of Landlord & Tenant, pp. 373-374; Campbell v. Mallory, 22 How. Prac. 183; Minsky v. Weller, 63 Misc. 244; Potter v. New York Baptist Mission. Soc., 23 Misc 671, 672, 679-680). A reading of the descriptive matter set forth in the petition herein readily reveals that the property cannot be identified therefrom.
While one might be tempted to allow landlord to amend its petition, one cannot lose sight of the rule that with respect to jurisdictional matters summary proceedings must be conducted strictly in accordance with the statute (14 Carmody-Wait, New York Practice, p. 257). A defect that deprives the court of jurisdiction over the subject matter in the first instance cannot be amended by the court so as to confer upon it jurisdiction nunc pro tunc (Ferber v. Apfel, 113 App. Div. 720, 723; Blozevich v. Tasber, 116 N. Y. S. 2d 801, 804-805; Dahmen v. Gregory, 184 Misc. 724, 726).
Motion to dismiss granted without prejudice to new proceedings upon proper papers.
Submit order on notice of two days.