■ In the Matter of Sol Myers, Respondent, v. Edmund Blaise et al., Appellants.— Appeals from an order of preclusion granted upon defendants' failure to comply with a demand for a bill of particulars and from an order requiring defendants to submit to examination before trial, in a summary proceeding for nonpayment of rent, in which proceeding defendants interposed an equitable counterclaim involving title and alleging a contract of sale and purchase and their willingness and ability to perform, and seeking specific performance. The plaintiff landlord having chosen to suffer the delay involved in the procedural remedies invoked by him and the defendants having chosen to tender completely new issues, to which those remedies are ordinarily applicable, defendants will not be heard to complain. (See as to bill of particulars, *Clark* v. *Newton*, 140 Misc. 510; as to examination before trial and bill of particulars, *42 West 15th St. Corp.* v. *Friedman*, 208 Misc. 123, and, contra, *Dubowsky* v. *Goldsmith*, 202 App. Div. 818, and *Wiener* v. *Regent Brand Clothes*, 204 Misc. 231, which we decline to follow.) No objection to jurisdiction has been interposed but we deem the proceeding, including the counterclaim, properly in the Supreme Court by the parties' acquiescence and Special Term's approval, although the order of removal made by the Justice of the Peace was unauthorized and defendants did not move under section 110-a of the Civil Practice Act nor did they commence a separate action in Supreme Court and move for consolidation and removal under section 1426-a. Orders unanimously affirmed, without costs. Settle orders fixing the time for service of bill of particulars and for the examination on a date or dates not less than 10 days after service of the orders to be entered hereon. Present— Bergan, P .J., Coon, Gibson, Reynolds and Taylor, JJ.