Allen Murray Myers, J.
The petition and notice of petition, upon which this nonpayment summary proceeding for the possession of residential premises is based, are jurisdictionally defective and cannot be cured by amendment.
Although the title of the proceeding states that Goldman Bros, is the petitioner and the petition states that it is the petition of Goldman Bros., the petition is not subscribed or verified by Goldman Bros. While it is true that a summary proceeding may be brought by an agent of the landlord, if it is, the petition must then be that of the agent, subscribed and verified by him. In the case at bar the petition of Goldman Bros, is subscribed and verified by one Steven Ball who alleges that he is the agent for Goldman Bros, who is the landlord and owner of the premises.
The notice of petition states that it is based upon the petition of Steven Ball and not on the petition of Goldman Bros.
The notice of petition and petition were not filed within three days after they were served upon the respondent as required by subdivision 3 of section 733 of the Real Property Actions and Proceedings Law, nor was this defect ever cured by a nunc pro turne order pursuant to section 411 of the CCA.
The name of the affiant was omitted from the printed verification form, but a printed clause stating that the verification was being made by the affiant and not by the landlord because the landlord was a corporation and the affiant an officer thereof, was not deleted. Goldman Bros, is not a corporation.
At the trial, neither Steven Ball nor Goldman Bros, testified. Instead the attorney for the petitioner who claimed also to be his agent took the stand and furnished the only testimony on behalf of the petitioner, a practice frowned upon by the courts *814 (Canons of Professional Ethics, canon 19; Siefring v. Marion, 22 A D 2d 765). Suffice it to say that not only was there no testimony that Steven Ball was Goldman’s agent who was authorized to make and file the petition herein, but it was conclusively proven that Goldman Bros, was not even the owner or landlord of the premises.
The proof was that Newport Associates, Inc. is the owner and landlord of the premises and that Theodore A. Schichtel is its managing agent. There was no proof as to Steven Ball’s connection with the premises or Goldman Bros.
Subdivision 1 of section 741 of the Beal Property Actions and Proceedings Law provides that the petition shall state the interest of the petitionér in the premises from which removal is sought. This section was not complied with in that the petition does not state either Goldman’s or Ball’s interest in the premises.
Subdivision 4 of section 741 of the Beal Property Actions and Proceedings Law provides that the petition shall state the facts upon which the special proceeding is based, so that issues, if there be any, are properly raised and can be met. An allegation that there was due the landlord “ arrears of 827.02 ” without alleging the underlying facts upon which this conclusion is based does not comply with the statutory requirement.
Although the petition states that Steven Ball, as agent for the landlord, entered into the leases with the respondent as tenant, there was no proof that Steven Ball entered into the lease with tenant in any capacity.
While the petition stated that Goldman Bros, was bringing the proceeding* as the owner and landlord of the premises, there was no such proof. Goldman Bros, was in fact the lessor of the premises by virtue of two written leases entered into with the respondent as tenant.
There is no reason why a court should entertain an action based upon papers and a record in such an utter state of confusion. While a court can and should disregard or amend inconsequential defects and irregularities (CPLR 2001 and CPLR 2101, subd. [f]) and dispose of an action on the merits if possible, it cannot overlook or correct jurisdictional defects such as the ones which afflict the petition herein (Blozevich v. Tasber, 116 N. Y. S. 2d 801; Dahmen v. Gregory, 184 Misc. 724, mot. for lv. to app. den. 269 App. Div. 850; Village of Woodridge v. Proyect, 18 Misc 2d 623).
A summary proceeding is a special proceeding governed entirely by statute (Handshke v. Loysen, 203 App. Div. 21; Liberty Place Holding Corp. v. Schwob, 136 Misc. 405, affd. *815 229 App. Div. 841; Stephen Estates v. Kaplan, 198 Misc. 948) and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction (Matter of Smith v. Norton, 204 App. Div. 248; Hanover Estates v. Finkelstein 194 Misc. 755). The essentials of the petition and notice of petition are specifically regulated and strictly construed. (Smith v. Keech, 112 N. Y. S. 2d 803, 805; Babcock v. Dean, 140 Misc. 800; Matter of Smith v. Norton, supra.)
The court therefore must dismiss the petition, without prejudice to a proceeding upon proper papers. The regrettable waste of time entailed in this proceeding could have been avoided if just a little professional thought was given to the matter before the petition was drawn. Such slovenliness as exemplified in this proceeding is a gross imposition upon the 'court.