*119 OPINION OF THE COURT
Preston S. Scher, J.
In this landlord/tenant summary proceeding the court is confronted with an issue apparently of first impression: whether the landlord’s service of a rent demand notice pursuant to RPAPL 711 upon the tenants at their corporate principal office in Brooklyn, but not at the property occupied by the tenants in New Rochelle, New York, satisfies the requirements of RPAPL 711 and 735 thereby conferring jurisdiction on this court.
Although this court has been unable to locate — and neither party in their thorough briefs submitted herein has cited — any case precisely on point, I am constrained to hold that, for the reasons set forth below, such service does not comply with the strict requirements of RPAPL and that, therefore, tenants’ motion to dismiss must be and the same hereby is granted.
The facts on this motion are undisputed. Petitioner landlord on or about January 28, 1992, as a condition precedent to the commencement of the instant commercial nonpayment proceeding, served the necessary rent demand as mandated by RPAPL 711 upon its corporate tenants, the respondents herein. However, petitioner served such rent demand only at the tenants’ corporate offices in Brooklyn, although the premises occupied by the respondents tenants are located at the New Rochelle Mall at New Rochelle, New York.
The parties further concede that the lease in question expressly provides that all notices under the lease are to be served by certified mail or registered mail at the tenants’ corporate offices in Brooklyn.
A subsidiary issue is whether a lease provision regarding service of notices, agreed to by two willing parties may override the express mandates of RPAPL in connection with service of process. As further noted below, it is clear that parties may not so agree to waive the statutorily required notice.
We start with the applicable provisions of RPAPL 711 and 735. Section 711 requires that notice of nonpayment be served upon the tenant as prescribed in section 735. Section 735 (b) provides for manner of service and it provides specifically that if service is to be upon a corporation (as in the instant case) that service must be: "at the property sought to be recovered, and if the principal office * * * is not located on the property sought to be recovered, and if the petitioner shall have writ *120 ten information of the principal office * * * at the last place as to which petitioner has such information”.
The issue then is whether the failure of the petitioner to serve the rent notice at the property as well as the principal office of the tenants’ corporation is fatal to jurisdiction.
As noted in the leading treatise on landlord/tenant: "Originally it was held that this proceeding was a statutory remedy in derogation of the common law remedy by action, and therefore had to be 'strictly pursued.’ But the technical rules that once were in vogue no longer hold. The modern trend, even under the former Civil Practice Act, has been toward a departure from the harsh, technical rules which once had been in vogue. The courts have adopted the position that the proceeding should not be so hypercritically restricted by technicalities as to destroy the very remedy which it was designed to afford. The rule which has finally evolved is, that with respect to jurisdiction matters, the proceeding should be conducted strictly in accordance with the statute, but, once jurisdiction has been obtained, the remedy should be liberally applied.” (2 Rasch, New York Landlord and Tenant — Summary Proceedings § 29.13, at 426 [3d ed]; emphasis supplied.)
It has long been held that summary proceedings, wholly a creature of statute, require strict compliance with the applicable statutory requirements, in order to confer jurisdiction on this court. (See, for example, Olivero v Duran, 70 Misc 2d 882 [Civ Ct, Queens County 1972]; Village of Woodbridge v Proyect, 18 Misc 2d 623 [Sullivan County Ct 1959].) And until recently, any variation from the statutory requirements resulted in a denial of jurisdiction.
The landlord argues, however, not without substantial justification, that, as noted above by Rasch, the recent cases have been applying the rules more liberally especially when the violations are de minimis. In such cases, the technical deficiencies may be disregarded or remedied nunc pro tune especially where the landlord shows no prejudice to the tenant. The landlord argues, therefore, that since the tenant in this case received notice and in fact appeared by counsel in this proceeding, that no prejudice would result if the court did not adhere to the express requirement of the statute that the notice be served at the property. The tenant, of course, argues to the contrary.
Logic might dictate that since the tenant received adequate notice by service at its corporate offices, this court *121 should overlook the need for service at the property. However, in this case, such logic cannot prevail. It is clear that while the rules regarding summary proceedings have in fact been liberalized, such liberalization applies only after jurisdiction has been obtained.
In the case heavily relied upon by the landlord, 1890 Realty Co. v Ford (121 Misc 2d 834 [Civ Ct, Kings County 1983]), the court found it had jurisdiction despite the failure properly to serve a rent notice only after it found that the tenant participated in several pretrial proceedings without raising objection. The court then held that the tenant waived its right to raise jurisdictional objection. Unfortunately for the landlord here, such is not the state of affairs in this case.
The tenants have expressly and timely raised the failure of proper service of the notice at the tenants’ premises, and this court holds that such failure deprives this court of jurisdiction. (See also, Caiado v Bischoff, 140 Misc 2d 1014 [Yonkers City Ct 1988].)
One final matter must be addressed. As noted above, the parties provided in the lease that notices were to be sent, for the tenants, at the office in Brooklyn and the landlord argues that the tenants have waived their right to be served at the property. However, it is clear that parties cannot, by agreement, vitiate the express statutory requirements of RPAPL 735 (Lana Estates v National Energy Reduction Corp., 123 Misc 2d 324 [Civ Ct, Queens County 1984]).
The court wishes to express its appreciation to counsel for both parties who have submitted excellent memoranda and argued their cases intelligently and forcefully on behalf of their clients.