NATHANIEL ELLENBOGEN, Respondent, v. HELEN W. CALDWELL et al., Appellants.— In a summary proceeding in the Municipal Court of the City of New York, Borough of Brooklyn, to recover possession of real property, after informal proof under oath, the tenant consented to the entry of a final order in favor of the landlords, awarding possession after a stay of approximately six months. Thereafter, and prior to the expiration of the six months' period, the tenant brought an action in the Supreme Court for a judgment declaring the Municipal Court order void and restraining its enforcement, on the ground that the court lacked jurisdiction of the subject matter, particularly because the petition did not contain allegations based on the substance of the Rent Regulation for Housing in the New York City Defense-Rental Area, notably paragraph (6) of subdivision (a) of section 6 thereof (8 Federal Register 13918). The petition is sufficient under article 83 of the Civil Practice Act to confer jurisdiction, and contains the additional statement that the notice to the area rent director, under paragraph (1) of subdivision (d) of section 6 of the Regulation (8 Federal Register 13918), has been given as required. The order on appeal restrains the enforcement of the final order of the Municipal Court pending the determination of the Supreme Court action, and denies the cross motion, under rule 106 of the Rules of Civil Practice, to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. Order reversed on the law, with $10 costs and disbursements, the motion for a temporary injunction denied, and defendants' cross motion to dismiss the complaint granted, with $10 costs. The complaint, to which the petition in the summary proceedings is annexed, fails to state a cause of action. The allegations of the petition are adequate under article 83 of the Civil Practice Act to confer jurisdiction of the proceedings on the court, and the failure to include additional allegations based on the substance of the Housing Regulation is not a jurisdictional defect. The Housing Regulation provides for a limitation upon evictions. It does not purport to be a source of authority for the maintenance of a summary proceeding to recover possession of real property, nor to regulate the procedure in local courts. Upon this record, the consent of the tenant, after proof of the landlords' need for the house, to the entry of the final order from which he derived a benefit, cannot be held to be a waiver prohibited by subdivision (d) of section 1 of the Housing Regulation (8 Federal Register 13915). Lewis, P. J., Hagarty, Adel, Aldrich and Nolan, JJ., concur.

ANNA FRIEDMAN, Appellant, v. EAST NEW YORK SAVINGS BANK et al., Respondents.— In an action to recover damages for personal injuries, plaintiff appeals from a judgment for defendants and from an order denying her motion to set aside the verdict in their favor. Judgment and order unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ.