Roslyn K. Lutzker et al., Doing Business as Rochelle Management Company, Landlord, *v.* Mary J. King, Tenant.

City Court of New Rochelle, October 23, 1947.

*Galgano & Bray* for tenant appearing specially.

*Irving I. Goldman* for landlord.

Fasso, J. This is a motion to dismiss the petition on the ground that it is jurisdictionally defective. It is contended by the tenant that the petition fails to set forth an allegation that the case comes within one of the exceptions of the National

Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1891 *et seq.* [Public Law 129, 80th Cong., 1st Sess.]) and an allegation as to the method employed to serve the notice. The tenant urges that such omissions constitute jurisdictional defects.

An examination of the petition reveals that it does not set forth the exception to the Office of Price Administration Regulations upon which the landlord relies. While the contention of the tenant has merit, and while it is desirable to set forth the exception, the Appellate Division, Second Department, has held that the absence of such an allegation does not constitute a fatal defect. (*Ellenbogen* v. *Caldwell,* 270 App. Div. 946, and *Matter of Hollis* v. *Gelbach,* 270 App. Div. 1063.) These cases indicate that the procedure has not been changed by the Federal housing regulations, that it is not necessary to plead conformity with the National Housing and Rent Act, and that compliance with the Federal restrictions can be established upon the trial. (See, also, *Larson* v. *Grady,* City Court of New Rochelle, Dec. 9, 1946, Fasso, J.*)

The next question presented is: Is it necessary to allege specifically the manner of service of the thirty-day notice? This the petition fails to do. It sets forth that there was served upon the tenant a notice in writing in the same manner in which a precept in summary proceedings is now allowed to be served by law. Section 228 of the Real Property Law provides that a thirty-day notice must be served either by delivery of the notice personally to the tenant, or to a person of suitable age and discretion residing upon the premises, or, under certain conditions, by affixing it upon a conspicuous part of the premises. The manner of service required by this section as to a thirty-day notice, is similar, but not identical, with the requirements of section 1421 of the Civil Practice Act, which prescribes the manner in which a precept in a summary proceeding must be served. Consequently, an allegation of compliance with section 1421 of the Civil Practice Act is not tantamount to an allegation of compliance with section 228 of the Real Property Law.

Should the court regard the defect as jurisdictional? The procedure as to how the thirty-day notice is to be served is mandatory and not permissive. It is necessary, therefore, to prove complete compliance with the statute. Since evidence of compliance with the statute is one of the essential elements of the proceeding, it is necessary, in order to express in the peti-

---

* See, also, *Smith* v. *Scott,* 190 Misc. 600.— [Rep.

tion a complete cause for action, to allege the manner in which the thirty-day notice was served. A mere allegation of service of notice without a specific allegation as to the manner in which it was served is insufficient to confer jurisdiction upon this court.

The petition, however, also states that a copy of the thirty-day notice served upon the tenant is attached to the petition together with proof of service, and the affidavit of service itself reveals that it was served personally upon the tenant. While it is the better practice to allege the specific manner in which the petition was served, the court is constrained to hold that there has been substantial compliance with section 228 of the Real Property Law, for the tenant has received definite information as to how the petition was served, which, after all, is the purpose of the pleading.

In view of the above, the motion for a dismissal of the petition is denied, with an appropriate exception to the tenant, and the proceeding is set down for calendar purposes on October 27, 1947, on which day the respective attorneys may agree upon a date for a trial of the issue.