LILLIAN W. SMITH, Landlord, *v.* MAMIE W. SCOTT, Tenant, et al., Undertenants.

City Court of New Rochelle, January 13, 1948.

*Joseph J. Mancusi* for tenant and undertenants appearing specially.

*Henry P. Rubin* for landlord.

Fasso, J. The tenant herein has appeared specially, has challenged the sufficiency of the petition and precept, and has moved for an order for a dismissal of the petition. The tenant is, of course, limited, at this stage of the proceeding to such defects as may appear on the face of the petition. The tenant relies upon four grounds in support of his position.

First, the tenant contends that the landlord has improperly and insufficiently alleged that she comes within the exceptions to the National Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.* [Public Law 129, 80th Cong., 1st Sess.]) which permit the institution of a summary proceeding. The court is of the opinion that the allegations in the petition comply in a substantial manner with the requirements of the Housing Act. Furthermore, it is not necessary to allege the exception to the rent regulations upon which the landlord relies. (*Ellenbogen* v. *Caldwell,* 270 App. Div. 946; *Matter of Hollis* v. *Gelbach,* 270 App. Div. 1063.)

Second, the tenant contends that the thirty-day notice was nullified by repeal of the rent regulations [under the Emergency Price Control Act of 1942, U. S. Code, tit. 50, Appendix, § 901 *et seq.*] which existed prior to July 1, 1947, and by the adoption of the National Housing and Rent Act of July 1, 1947. It is a fundamental and well-established principle of law that a change in the mode of procedure cannot affect a substantial right or serve to deprive an individual of an existing right.

Moreover, the Appellate Division of this, the Second Department, has held in several cases that the emergency rent laws have not changed or modified the procedure in summary proceedings. (*Ellenbogen* v. *Caldwell, supra; Matter of Hollis* v. *Gelbach, supra; Larson* v. *Grady,* City Court of New Rochelle, Dec. 9, 1946, Fasso, J.; *Lutzker* v. *King,* 190 Misc. 670.)

Third, the tenant maintains that there is nothing in the petition from which it can be concluded that the notice of termination of tenancy was the type of notice required by law to terminate a tenancy of month to month, and the tenant cited, in the course of the argument on the motion, section 228 of the Real Property Law of the State of New York. The section mentioned, it is to be noted, has no application to a month-to-month tenancy, which is the type of tenancy described in the petition in this proceeding; rather, section 232-b of the Real Property Law is applicable, and that section requires not a thirty-day notice, as urged by the tenant, but notice of at least one month. The section which is applicable does not describe just what kind of notice is required, for there is nothing in the section with regard to the form of notice or method of giving it, and this has great significance in view of the specific provisions for written notice and mode of service which are set forth in other sections of the Real Property Law. The landlord has alleged in his petition " that the aforesaid tenancy was terminated by notice in writing duly personally served upon said tenant ", and, it would seem, that proof of notice in any form which terminates the tenancy can be adduced in support of this allegation. (*Boland* v. *Beebe*, 186 Misc. 616, and cases therein cited; *Monaghan* v. *Kane*, 186 Misc. 698.)

The court is not unmindful of the decision rendered in the case of *Greenbaum* v. *Lipshitz* (69 N. Y. S. 2d 37). There is no indication, however, in that opinion that the court adverted to and considered the provisions of section 232-b of the Real Property Law. Under the law as it now exists, section 232-b of the Real Property Law requires notice of at least one month to terminate a tenancy from month to month outside the city of New York, and all that is required is a timely, definite and unequivocal notice, which can be either oral or written, served either personally or otherwise. This, definitely, is the present trend of the law. (*Boland* v. *Beebe*, *supra*; *Monaghan* v. *Kane*, *supra*.)

Fourth, the tenant seeks a dismissal also upon the ground that the petition fails to state when the notice, which is alleged to be in writing, was served. As has been hereinbefore set forth, all that is required under the new section is proof that the tenant received notice of a month of the intention of the landlord to terminate the month-to-month tenancy. The landlord has alleged in her petition that the notice of termination was " duly personally served upon said tenant ". It is a fundamental postulate of adjective law that ultimate facts,

and not evidence, should be pleaded. The landlord, in the opinion of the court, has, in conformity with this principle, set forth ultimate facts in her petition. The time, place and mode of service constitutes evidence which should be presented at the trial. If the landlord fails in this proof, the petition will be dismissed; if, on the other hand, she can establish due and timely notice, and has complied with all other requirements, she will be entitled to a final order.

As the court indicated in the recent case of *Lutzker* v. *King* (190 Misc. 670, *supra*), where the sole question presented was whether or not the landlord is required to allege *the manner* in which the petition was served, the main purpose of any pleading — and this includes a petition in a summary proceeding — is to apprise the other party by allegations of ultimate facts what will be established at the trial. The petition which has been challenged performs this function; specific issues can be formulated by an answer; and, later, upon the trial, the court can decide those issues and determine the basic question presented to the court for adjudication.

In view of the foregoing, the motion made by the tenant, upon special appearance, for an order of dismissal of the petition is denied, and the tenant may have until January 19, 1948, to file an answer, and the proceeding is placed on the calendar of this court for Monday, January 19, 1948, so that a date for trial may be determined.

Settle order on three days' notice.