Mary Healy, Landlord, *v.* Mary Hering, Tenant.

City Court of New Rochelle, January 11, 1950.

*Francis X. Fallon* for landlord.

*Frank C. Praete, Jr.,* for tenant.

Fasso, J. This is a motion to dismiss the petition herein on two grounds: First, that the tenant should have been served with a thirty-day notice of termination of tenancy instead of a ten-day notice; second, that there is no legal basis for eviction of the tenant on the grounds set forth in the petition.

It is the view of the court that a thirty-day notice should have been given to the tenant, for the Appellate Division, Second Department, has held in two cases (*Ellenbogen* v. *Caldwell,* 270 App. Div. 946; *Matter of Hollis* v. *Gelbach,* 270 App. Div. 1063) that the Federal Controlled Housing Rent Regulations do not effect any change in the procedure in summary proceedings in

the State of New York. True, the regulation effective April 1, 1949 (Federal Controlled Housing Rent Regulation, § 825.6) provides for a ten-day notice in cases which involve the violation of a substantial obligation of tenancy, but this does not serve to nullify the provisions of the Real Property Law of the State of New York. There is no provision in the Real Property Law of New York that notice of the proceedings be given to the Housing Expediter, and the purpose of the provision relative to ten-day notice is to make certain that the Housing Expediter is informed of the proceeding, so that he may intervene if advisable.

The motion to dismiss the petition on the ground of insufficient notice must, therefore, be granted.

Although it is not necessary to consider the second ground urged for a dismissal of the petition, the court will do so because the point raised is an important one that should be determined.

The housing rent regulations state, in substance, that no tenant who has paid rent shall be evicted, except in two classes of cases: (a) Six specified instances, one of which is a violation of a substantial obligation of tenancy, where no certificate of eviction is required; (b) those situations where a certificate of eviction is required. The law then reads: " No provisions of this section shall be construed to authorize the removal of a tenant *unless such removal is authorized under local law.*" (Federal Controlled Housing Rent Regulation, § 825.6. Emphasis supplied.)

The tenant contends that local law does not authorize the removal of a tenant for a violation of substantial obligation of tenancy, and that the tenant in this case, therefore, may not be evicted. Upon first consideration, the contention of the tenant would seem to be based upon solid ground, but further consideration leads to the conclusion that the position of the tenant is not tenable. The Civil Practice Act provides in subdivision 1 of section 1410 that a tenant may be removed when he holds over and continues in possession after the expiration of his term. Where the tenant commits any of the acts set forth in paragraphs (1) to (6) inclusive of subdivision (a) of section 825.6 of the Federal Controlled Housing Rent Regulations, the tenancy is terminated by operation of law and the tenant becomes subject to eviction as a holdover. The removal of the tenant herein is, therefore, authorized under local law. The applicable section of the Real Property Law, incidentally, is not 232-b, as urged by counsel for the tenant, but section 228 for that is the section that is applicable in cases which involve holdover tenants.

Perhaps the court should also note that under the provision invoked by the landlord herein it is necessary to give written notice of the violation of the substantial obligation of the tenancy and that the right of the landlord becomes complete only in those rare cases in which the tenant fails to cure the violation after such written notice.

In view of the foregoing, the motion of the tenant is granted, with an appropriate exception to the landlord, and an order may be entered accordingly.