Harrison S. Jackson, J.
This summary proceeding, which is a holdover, appeared on the calendar on May 15, 1963. The landlords presented a petition and precept and requested an answer from the tenant.
*423 The tenant, who is an attorney, had no written form of answer and requested the court to accept her answer as a special appearance, setting forth among other things that the court did not have jurisdiction.
Prior to the processes having been obtained from the court on May 2, 1963, there had been an extension of time granting the Rent Administrator until April 30, 1963 to render her decision on the protest which had been filed by the tenant.
The landlords’ attorney advised the court that he received notice by telephone on April 30 that the City Rent and Rehabilitation Administrator was sending out on that day, April 30, 1963, stipulations extending the time of the Administrator to make her decision on the tenant’s protest until and including May 31, 1963.
The tenant’s attorneys received the stipulation on May 1, and after having the tenant sign the same immediately forwarded the stipulation to the Administrator’s office.
The landlords had accepted rent for May, 1963 from the tenant on or about April 30, 1963. On May 4, 1963 the tenant was served with a petition and precept in holdover proceedings.
The landlords said that they had a right to bring this proceeding due to the fact that under subdivision a of section 100 of the Rent, Eviction and Rehabilitation Regulations of the City Rent and Rehabilitation Administration, the Administrator had not decided the protest within a period of 90 days after filing of same, and the time had not been extended with the consent of the tenant by April 30,1963, that by operation of law under this section, the protest was deemed to be denied.
The tenant avers that the landlords were premature in bringing this holdover proceeding for the reason that the Administrator had complete power to fix an extended period of time, with the consent of the tenant, and that the mailing of the stipulation extending the Administrator’s time on April 30, 1963, prior to the expiration of the previously extended period, did in fact extend the time until and including May 31, 1963. The mailing of the stipulation on April 30 by the Administrator precluded the operation of the alternative provision of subdivision a of section 100 by which the protest would have been deemed denied.
Under section 101, the filing of the protest against the order stayed such order until the final determination of the protest by the Administrator. The fact of the Administrator’s mailing-out the stipulation, requesting an extension, proved that no final determination had yet been made.
*424 The tenant argues that the holdover proceeding brought by the landlords is premature. (Smith v. Scott, 190 Misc. 600.) Inasmuch as the tenant had paid the May, 1963 rent to the landlords before the commencement of summary proceedings against her, the tenant is entitled to possession of the rented premises for that month against the landlords (Empire State v. Graceline Handbags, 192 Misc. 679).
The court finds that the mailing of the stipulation, extending the Administrator’s time to decide the tenant’s protest, before the time had expired, and indicating that no final determination had yet been made, was effective and binding.
To hold otherwise would mean that the Administrator’s delay in performing a ministerial act would determine substantive rights. The regulatory scheme of the rent administration would be defeated if the rights of parties could be extinguished by such device. In construing a statute, ‘ ‘ Adherence to the letter will not be suffered ‘ to defeat the general purpose and manifest policy intended to be promoted (Surace v. Danna, 248 N. Y. 18, 21.)
When the landlords communicated with the Administrator and were advised that stipulations to extend the time were being sent out, this constituted good and sufficient notice to them that the rent administration’s jurisdiction continued and that no final determination had been made.
In addition, the acceptance of the May, 1963 rent before the beginning of the holdover proceedings rendered such proceedings dismissible.
The court finds that under subdivision a of section 100 the Administrator had full power to extend the period of time to decide the protest, with the tenant’s consent, and that this was adhered to by both the Administrator and the tenant. Tenant’s motion to dismiss the petition is granted.