Irving Younger, J.
Once again, a point of practice which landlord-tenant lawyers seem to take for granted turns out, upon examination, to be obscure in origin and troublesome in application.
Petitioner here is the prime tenant of an apartment in New York City. Bespondent is his subtenant. The tenancy was month-to-month. Wishing to recover possession of the apartment, petitioner served upon respondent a one-month notice to quit, and, when respondent failed to vacate, commenced this holdover proceeding. The petition, on the usual printed form, recites that respondent‘ ‘ was served in the manner provided for by law with a notice [to quit] in writing, a copy of which with proof of service is hereto annexed.” By oversight, no copy of the notice to quit was attached to or included with the copy of *469 the petition served upon respondent. A copy of the notice to quit was attached to the original petition filed with the court.
On these facts, respondent moved prior to trial to dismiss the petition. I granted the motion, explaining my decision orally and extemporaneously. Because the matter may possess some general interest, I am now filing this more accessible version of my opinion.
1. The paper which must be served upon respondent is the “petition.” (Beal Property Actions and Proceedings Law, §§ 731, 735.) In this case, the paper served upon respondent lacked a copy of the notice to quit. If that omission renders the paper something less than a valid petition, it is obviously not a “ petition.” That the paper filed with the court included a copy of the notice to quit is irrelevant, for the question is whether the paper served upon respondent is a petition, not whether the paper filed with the court is a petition.
2. There is no statute which requires that a copy of the notice to quit be attached to the petition. But that does not solve the problem; it complicates it.
3. A month-to-month tenancy is terminated in New York City by serving upon the tenant, ‘ ‘ in the same manner in which a notice of petition in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy ”. (Beal Property Law, § 232-a.) Should the tenant thereafter fail to remove, the landlord may commence a summary proceeding to evict him. Ibid.
4. Summary proceedings are governed by article 7 of the Beal Property Actions and Proceedings Law. Subdivision 1 of section 711, among other things, authorizes a summary proceeding to evict a month-to-month tenant who fails to remove after service of the one-month notice to quit.
5. Such a summary proceeding is commenced by service of a notice of petition and petition. (Beal Property Actions and Proceedings Law, §§, 731, 735.) The contents of the petitión are prescribed by section 741 of the Beal Property Actions and Proceedings Law and must include a statement of “the facts upon which the special proceeding is based.” (Beal Property Actions and Proceedings Law, § 741, subd. 4.)
6. Among those facts in this case is compliance with section 232-a of the Beal Property Law. The petition, therefore, must allege it. (See November v. Binges, 186 N. Y. S. 605.)
7. For the petition merely to allege, as here, that a notice ‘ ‘ was served in the manner provided for by law ’ ’ is insufficient, *470 for subdivision 4 of section 741 of the Real Property Actions and Proceedings Law requires that “ facts, ’ ’ not conclusions, be stated. (See Witherbee, Sherman & Co. v. Wykes, 159 App. Div. 24; Smith v. Scott, 190 Misc. 600; Lutzker v. King, 190 Misc. 670.)
8. In order to demonstrate compliance with section 232-a of the Beal Property Law, then, the petition must allege not only that a one-month notice to quit has been served, but also how it was served. Thus the respondent will be able to tell whether or not the petitioner has complied with section 232-a.
9. Since no special form of words is required for this allegation, the petitioner may, alternatively, attach to his petition a copy of the one-month notice to quit together with a copy of the affidavit of service. This too will enable the respondent to tell whether or not the petitioner has complied with section 232-a.
To summarize, the petition in a hold-over proceeding based upon section 232-a of the Beal Property Law must either specifically state how the one-month notice to quit was served, or must include a copy of the notice and affidavit of service.
The petition in this case did neither. Accordingly, it was dismissed.