OPINION OF THE COURT
Joseph Goldstein, J.
This litigation arises from a landlord-tenant relationship between the parties and, except for one legal issue raised by the respondent, the pertinent facts in this matter are of no great legal moment. The petitioner landlord complains that the tenant has failed to timely pay her rent for the months of August and September, 1981 ($650 per month) pursuant to a written lease and the landlord seeks further the fair and reasonable value of the use and occupation for the month of October, 1981 plus legal fees.
At the trial, the tenant acknowledged that she has not paid any rent since the month of July, 1981 but asserts that her refusal was in the nature of self-help based upon changes in the living conditions either caused or permitted by the landlord.
Considering the witnesses, their demeanor, and credibility, and in particular the testimony offered by the landlord and the tenant, both appearing with counsel, this court is *513 persuaded that the landlord is entitled to a final judgment of possession with a money judgment in the amount of $1,950 plus legal fees in the amount demanded. This court is satisfied that the respondent has not sustained her burden such as to demonstrate that she is entitled to relief pursuant to the affirmative defenses or counterclaim alleged in her oral answer.
However, counsel for the tenant urges, among other defenses that this court lacks jurisdiction to enforce this proceeding due to the failure of counsel for the landlord to follow the requirements of subdivision (b) of section 3840.16 of the Nassau County District Court Rules (22 NYCRR 3840.16 [b]) which reads as follows: “(b) At the time of the issuance of a notice of petition by a judge, the clerk or the attorney for the petitioner, or an order to show cause by the judge, in a summary proceeding to recover possession of real property, a copy of such order to show cause or notice of petition shall be filed with the clerk. The original papers with proof of service thereof shall be filed with the clerk within the time specified by statute.”
While it appears that over the years there have been sporadic attacks on the landlord-tenant proceedings instituted before this court based upon the foregoing rule, neither counsel nor this court has been able to find any prior decision affecting this proposition.
This rule was apparently promulgated by the Appellate Division pursuant to section 2103 of the Uniform District Court Act and was imposed at the instance of a former Presiding Judge of this court. The primary purpose of the rule as it applies to the procedures in the District Court of Nassau County was to preserve in the court’s possession a copy of an order to show cause issued by a Judge or a notice of petition issued by a clerk of this court which may be used pursuant to the RPAPL for the purposes of commencing a summary proceeding. Apparently the Civil Court of the City of New York has instituted a procedure whereby the clerk of the court was the person who usually “issued” the notice of petition in all summary proceedings. This procedure was not followed in this case and is not followed in this county. In fact, the procedure in Nassau County has been to permit the attorney for the landlord to issue the *514 necessary notice and petition to commence a summary proceeding to recover possession of real property and then, upon completion of the service thereof (emphasis supplied by this court), file same with the clerk of the court in accordance with the requirements of the statute, RPAPL 735. To follow the obvious implications of the respondent’s attorney’s attack upon jurisdiction would be such as to make summary proceedings in this county more restrictive, requiring counsel in each instance to initiate the issuance of a notice of petition from the Clerk of the District Court, further encumbering an already overburdened and undermanned court staff, which at present is divided among five separate geographical “Parts” serving this county. Furthermore, to require the attorney to file a “copy of an unserved notice of petition” and then to file the original of the same document together with the affidavit of service within three days of cdmpletion of service would, at minimum, be a duplication of effort with no meaningful benefit to either party or to the judicial system.
It is the opinion of this court that this was not only not the intention of the Presiding Judge of this court nor the Appellate Division but would be counterproductive to the proper administration of justice in matters of this nature. By and large, the document, i.e., the notice of petition, is of no legal moment until such tiiye as same has been served upon the tenant and (emphasis supplied by this court) the original papers with proof of service thereof have been timely filed with the clerk of this court. (RPAPL 735.)
Thus, this court concludes that the failure of the petitioner to file his notice of petition with the clerk upon “issuance” is at most a harmless procedural error, causing no prejudice to the respondent tenant. Jurisdiction would not lie over either the person or property of the respondent until such time as the notice of petition and petition have been served upon the tenant and the court would only know that after the attorney has filed same with proof of service. (Monaghan v Kane, 186 Misc 698.) Certainly it cannot be said that the procedural error of the type raised by respondent’s counsel is of such moment as to divest this court of jurisdiction. While counsel for the landlord has requested an opportunity for the filing of same nunc pro *515 tunc, pursuant to section 411 of the Uniform District Court Act or CPLR 2004, it is the opinion of this court that to require such a filing nunc pro tunc would be a meaningless gesture.
It is therefore the decision of this court that final judgment of possession shall be granted the landlord, that a money judgment in the amount of $1,950 plus the demanded legal fees shall be granted to the landlord and that the execution of the warrant be stayed to and including November 30, 1981.