*11 OPINION OF THE COURT
Harvey M. Sklaver, J.
In this holdover proceeding, the respondent contested the jurisdiction of the court over the respondent, asserting that the notice of petition and petition were not served in accordance with RPAPL 735. For reasons which follow, the court disagrees. Because of the unusual facts surrounding the nature of the agreement between the parties, the premises sought to be recovered and the manner of service, novel questions of law were presented and, accordingly, an extended recitation of the facts is needed in order to understand the issues presented.
Petitioner is the lessee of Grand Central Station under a lease from the bankruptcy trustees of the Penn Central Transportation,Company. In September, 1982, petitioner and respondent entered into a “License Agreement” under which the petitioner licensed to the respondent certain space in Grand Central Station for use as shoeshine stands.[1] The agreement, in form, substance and terminology, was similar to the usual forms of leases with which attorneys are well familiar except that the word “Licensor” was used in place of “Landlord” and the word “Licensee” was used in place of “Tenant.”[2] The agreement called for the respondent to undertake certain construction work which it is alleged in the petition was not done, as a consequence of which the petitioner served a notice to cure the default, a notice of cancellation of the license and finally brought this proceeding.
In attempting to effect process as required by RPAPL 735, petitioner proceeded in the following manner.
(a) On Friday, March 11, 1983, copies of the notice of petition and petition were brought to the five shoeshine stands in Grand Central Station. At four of the stands the papers were delivered to persons of suitable age and discretion and at the fifth location the papers were affixed to one of the seats, apparently there not being present any person to whom the papers could be delivered.
*12 (b) On the same day copies of the papers were mailed, as required by statute, to the respondent at each of the locations and at its principal office at 514 West 25th Street, New York, New York.
(c) On Monday, March 14, 1983, copies of the notice of petition and petition were taped to the door of respondent’s premises at 514 West 25th Street, New York, New York.
In all, Mr. Stevenson made six deliveries or affixations of the papers in this proceeding. Respondent stipulated that Mr. Stevenson is a full-time employee of respondent’s general counsel and attorney of record in this proceeding, Mary P. Bass, who is herself a full-time employee of respondent.
(d) It appears that the notice of petition and petition were filed with the clerk of this court on Thursday, March 10, 1983, and that the affidavits of service were filed on Wednesday, March 16, 1983.
At the traverse hearing the respondent proffered numerous reasons why service of the notice of petition and petition was not in accordance with RPAPL 735, only three of which merit any discussion.
(1) The papers were mailed to respondent’s principal office at 514 West 25th Street on March 11, 1983, before they were affixed to the door on March 14. In this regard, respondent relies on the language in RPAPL 735 (subd 1) which states that the notice of petition and petition may be delivered to a person of suitable age and discretion, etc., or affixed to a conspicuous part of the property sought to be recovered, “and in addition, within one day after such delivering * * * or * * * affixing or placement, by mailing to the respondent” (emphasis added).
(2) Mr. Stevenson, a nonprofessional process server, made six services of the papers and, therefore, violated the provisions of section 89-b of the General Business Law.
(3) The filing of the affidavits of service on March 16, 1983 was untimely since RPAPL 735 (subd 2) requires that they be filed within three days of delivery or affixing and mailing.
An additional issue which the court raised at the hearing was whether this proceeding is essentially one to recover *13 possession of real property over which the court has jurisdiction (CCA, § 204; RPAPL 701) or whether it is to terminate a license as to which summary proceedings may not ordinarily be brought.[3]
Dealing with the last point first, the rule is well settled that in the interpretation of a document the court is not bound by labels which the parties affix but will examine the document and construe it according to its substantive provisions. Very much in point is North Shore Mart v Grand Union Co. (58 Misc 2d 640), in which a “supplemental agreement” was held to be part and parcel of a lease rather than a license. This court finds that the license agreement in issue here is actually a lease. Also, even if respondent is merely a licensee this proceeding may be maintained by petitioner as “The person entitled to possession of the property occupied by a licensee who may be dispossessed” (RPAPL 721, subd 7).
As to respondent’s first point that mailing of the notice of petition and petition prior to delivery or affixing does not comply with RPAPL 735 (subd 1), while the statute says that mailing must be accomplished “within one day after such delivering * * * or such affixing” it does not specifically say that mailing cannot occur before delivery or affixing. The quoted words set the outside limit for such mailing, i.e., the last day. They do not fix the earliest date for mailing. Respondent cites no case to support its interpretation of the quoted words and the court’s own research disclosed no case construing them in light of the facts in this proceeding. Accordingly, since the mailing did occur not later than one day after delivery and affixing, the requirements of the statute have been met.
Further, and perhaps more important, the affixing of the papers to the door of respondent’s principal office on March 14 may be deemed a nullity since conspicuous service at a principal office, qua principal office, is not authorized by RPAPL 735. That section authorizes such conspicuous service only at the premises sought to be recovered. Thus, even if respondent were correct in its contention that mailing must occur after the delivery or affixation of the *14 petition and notice of petition the operative facts are such that the requirement was met since the mailing and the delivery and affixation occurred the same day as the mailing.
Respondent’s second point, that service of the papers by Mr. Stevenson, was invalid by reason of section 89-b of the General Business Law, is even more misplaced. The basis for respondent’s contention is that Mr. Stevenson made six services of process — five at the shoeshine stands and the sixth at respondent’s principal office — and, therefore, is required to be licensed. However, section 89-b defines a process server as one who has effected service of process in five or more actions or proceedings within a 12-month period. In the instant case, all of the six services were made in only one proceeding. Even if that were not enough to dispose of respondent’s contention, the section specifically excludes from the definition of process server a person who serves papers on behalf of a Federal, State or local governmental agency in the course of his employment. This is simple enough, but what is a “governmental agency”? It has been defined as a person, natural or corporate, who performs “governmental duties pursuant to the mandate of the Legislature” (County of Oneida v City of Utica, 260 App Div 363, 364), or who performs “a governmental function which ordinarily belongs to and usually is discharged by the State” (Jewish Hosp. of Brooklyn v “John Doe”, 252 App Div 581, 584). As to the petitioner’s status, subdivision 2 of section 1264 of the Public Authorities Law states that petitioner “shall be regarded as performing an essential governmental function in carrying out its purposes and in exercising the powers granted” by title 11 of the Public Authorities Law. Accordingly, the petitioner is a governmental agency as referred to in section 89-b of the General Business Law and the evidence showed Mr. Stevenson to have served the notice and petition in this proceeding in the course of his employment by such agency.
Only respondent’s third point has any merit. It urges that petitioner did not comply with the statute since the proof of service was not filed within three days. It will be recalled that service was made at the shoeshine stands on *15 Friday, March 11, 1983, and. that RPAPL 735 (subd 2) requires that proof of service be filed within three days of mailing (March 11), which was Monday, March 14. Petitioner urges that the filing on March 16 was timely since Saturday and Sunday must be excluded in the computation of time (General Construction Law, § 25-a). However, petitioner misreads that section which extends the time for the doing of an act only when the period of time for doing that act ends on a Saturday, Sunday or legal holiday. Thus, the filing did not occur within the time fixed by RPAPL 735.[4]
The court is aware that the requirements of RPAPL 735 are jurisdictional and that in Olivero v Duran (70 Misc 2d 882), Judge Hentel said that late filing requires a dismissal. However, that holding was dicta within the facts there presented. While he did not advert to section 411 of the CCA which permits the court to order the filing nunc pro tunc, perhaps Judge Hentel wisely chose not to gloss dictum with dictum. We are told that in a summary proceeding strict compliance with the statute is necessary ' (Goldman Bros. v Forester, 62 Misc 2d 812, 814-815), but it has not been said that we must construe that statute in a vacuum without regard to other legislative enactments affecting the subject. Section 411 of the CCA applies to special proceedings as1 well as actions and this court’s jurisdiction over summary proceedings is derived from section 204 of the CCA. The specific provision of the CCA should not be rendered nugatory by the more general provision of the RPAPL, both of which were enacted by the State Legislature. (See Jamal Estates v Crockwell, 113 Misc 2d 548 [App Term, 1st Dept]; Siegel, NY Prac, § 575.) Accordingly, the court hereby orders that the notice of petition and petition in this proceeding be filed nunc pro tunc.
Respondent’s traverse is dismissed and the proceeding is returned to Part 52 to be added to the calendar of May 2, 1983.

. The agreement called for six locations but respondent took possession of only five of them.

. No useful purpose would be served by enumerating the enormous number of similarities between the license agreement and a lease.

. The court is required to dismiss, sua sponte, an action or proceeding if the court lacks subject matter jurisdiction even if the issue had not been raised by the parties.

. While RPAPL 735 (subd 2) requires that the notice of petition and petition (filed March 10) be filed with proof of service (March 11), the filing of the notice and petition prior to the filing of proof of service is a mere irregularity. While not directly in point, Billglo Corp. v Haskins (111 Misc 2d 512) is clearly analogous.