■ MARIA LANZ et al., Doing Business as PINE GROVE MOBILE HOME PARK, Respondents, v RICHARD LIFRIERI, Appellant. — In a summary holdover proceeding pursuant to RPAPL article 7, the appeal, by permission, is from an order of the Appellant Term of the Supreme Court, Ninth and Tenth Judicial Districts,

dated September 1, 1982, affirming a judgment of the Justice Court, Town of Beekman, Dutchess County (Garito, J.), dated September 17, 1981, which is in favor of the petitioners in the principal sum of $456 and which awards them possession of the premises.

Order affirmed, with costs.

The owners of a mobile home park brought this summary proceeding to evict a mobile home tenant after serving him with a notice terminating his month-to-month tenancy. In defense of the proceeding the tenant contends that the owners failed to offer him a one-year lease each time a rent increase was implemented (see Real Property Law, § 233, subd e). We disagree. The owners need only offer mobile home tenants an initial one-year lease, which was done here, because in the absence of any statutory requirement for renewal leases we should not impinge further on the mobile home park owner's freedom to contract (*Comorford v Jones,* 121 Misc 2d 141; *A.K.A.B. & E. Mobile Home Rentals v Marshall,* 114 Misc 2d 622). While the tenant was not furnished with the proposed lease itself, the owners did make both oral and written offers to enter into a one-year lease which were not accepted. We hold that this was sufficient to comply with section 233 of the Real Property Law.

We reject the tenant's further contention that service of the petition and notice of petition was defective on the ground that the mailing was not made within one day after affixing the papers at the tenant's residence. Although the postmark was dated three days after the affixation, the last day for mailing would otherwise fall on a Saturday so that the time for completing the mailing was extended to the following Monday (see General Construction Law, § 25-a; *Shields v Benderson Dev. Co.,* 76 Misc 2d 322). Lastly, although the petition did not state the manner in which the notice to quit had been served, we do not regard the omission as jurisdictional because the tenant has not shown any prejudice (*Adina 74 Realty Corp. v Hudson,* 104 Misc 2d 634). Although earlier nisi prius cases indicated that petitions in summary proceedings should be strictly construed (see, e.g., *Century Paramount Hotel v Rock Land Corp.,* 68 Misc 2d 603; *Margolies v Lawrence,* 67 Misc 2d 468), we adopt the reasoning of a recent trend of cases which treat summary proceedings the same as any other type of civil case and which refuse to consider *de minimis* variations from strict compliance as jurisdictional defects (see *City of New York v Brown,* 119 Misc 2d 1054; *Metropolitan Transp. Auth. v Terminal Drago Shine Stands,* 119 Misc 2d 10; *Billglo Corp. v Haskins,* 111 Misc 2d 512; *Jackson v New York City Housing Auth.,* 88 Misc 2d 121).

Lazer, J. P., Bracken, Weinstein and Niehoff, JJ., concur.