OPINION OF THE COURT
Bernard Fuchs, J.
Respondent’s motion is to dismiss the holdover petition on the following grounds: (i) failure of the petition sufficiently to allege service of the required notice of termination of the tenancy; (ii) petitioner’s alleged failure to terminate the tenancy by notice in accordance with Real Property Law § 232-a; and (iii) inadequate service of the petition and notice of petition. The motion has previously been granted by an abbreviated order. The reasons for that order follow.
The term of the tenancy is from month to month. Such a tenancy may be terminated only by service on the tenant of the notice required by Real Property Law § 232-a. That statute requires that service be made in the manner permitted by law for service of a notice of petition in summary proceedings.
The petition in a special proceeding under RPAPL article 7 (such as this one) must "[s]tate the facts upon which [it] is based” (RPAPL 741 [4]). Among those facts is both service and the manner of service of the Real Property Law § 232-a notice. (Margolies v Lawrence, 67 Misc 2d 468 [Civ Ct, NY County 1971].) The requirement of this allegation may be satisfied as well by attaching to the petition a copy of the 30-day notice under Real Property Law § 232-a with a copy of the affidavit of service. (Margolies v Lawrence, supra.)
In the present case, the petition alleges service of the 30-day notice by means permissible for a "precept” in summary proceedings and that the 30-day notice with proof of service is "hereby annexed and made a part of this petition”. The proof of service was not in fact annexed, however. Since the petition itself does not "specifically state how the one-month notice to quit was served” the petition is legally insufficient. (Margolies v Lawrence, 67 Misc 2d 468, 470, supra.)
In Adina 74 Realty Corp. v Hudson (104 Misc 2d 634 [Civ Ct, NY County 1980]), the 30-day notice was annexed to the copy of the petition served on the tenant. But the affidavit of service was not and it appears that the actions taken to serve the 30-day notice were not alleged. The court there denies dismissal because "the tenant can show no * * * prejudice” (supra, p 639).
*593 Absence of prejudice, however, is no ground on which to deny dismissal of a legally insufficient pleading, for the issue raised is whether the pleader states a cause of action. If he does not, it must be presumed that the pleader cannot prove what he has not alleged and the action (or special proceeding as here) is doomed. (See, CPLR 3211 [a] [7].)
The court in Adina was influenced by the petitioner’s argument that "the method of [petitioner’s] service [of the 30-day notice] can be accomplished by a motion for nunc pro tunc relief’ (104 Misc 2d 634, 639, supra). This was in effect a motion for leave to "plead over”. Under CPLR 3211 (e), the opponent of a motion to dismiss a pleading for legal insufficiency who "desires leave to plead again in the event the motion is granted * * * shall so state in his opposing papers” and set forth evidence to justify his request. Neither the request nor the evidence are set forth in the petitioner’s papers. The petition is therefore fatally insufficient.
Lanz v Lifrieri (104 AD2d 400 [2d Dept 1984]) is not to the contrary although it may appear so on the surface. There the court held that "although the petition did not state the manner in which the notice to quit had been served, we do not regard the omission as jurisdictional because the tenant has not shown any prejudice” (citing Adina, supra, p 401).
The court in Adina did say that failure to attach to the petition a copy of the affidavit of service of the 30-day notice "is not regarded as fatal to jurisdiction” (104 Misc 2d 634, 639, supra). The true issue there was not jurisdiction, however, but sufficiency of the petition. And the court, in effect, allowed petitioner to "plead over” because petitioner claimed it could truthfully make the necessary allegation "nunc pro tunc” of service of the 30-day notice.
The Appellate Division in Lanz speaks of a "notice to quit”. Assuming that this refers to the 30-day notice, Lanz, nevertheless, did not rely on Adina to conclude that a holdover petitioner need not allege the manner of service of the 30-day notice. As the last paragraph in Lanz makes clear, Adina was cited for its refusal to elevate "de minimis variations” from strict pleading to jurisdictional status.
The notice considered in Lanz, moreover, seems to have been that provided for in Real Property Law § 232-b while the statute governing this case and Adina is Real Property Law § 232-a. Section 232-a prohibits removal of a month-to-month tenant in New York City unless the 30-day notice is served "in *594 the same manner in which a notice of petition in summary proceedings is now allowed to be served”. That is why no cause of action for holdover is stated without an allegation of such service.
Section 232-b on the other hand (applicable outside New York City) requires only a one-month notice and specifies nothing as to the manner of service. Accordingly, the petitioner’s failure to allege the manner of service did not impair the sufficiency of the pleading in Lanz. And the respondent’s claim that such an omission was "jurisdictional” was also invalid.
Petitioner’s alleged failure to terminate the tenancy is based on respondent’s claim that the 30-day notice was not signed and if signed by petitioner’s attorney must be accompanied by proof of his authority to act. It is, according to respondent, "well settled” that a signature is indispensable to the legal sufficiency of the 30-day notice. Unfortunately, respondent neglects to cite any of the authorities which she considers to have settled the question. Real Property Law § 232-a, which provides for the notice is certainly not one of them.
The 30-day notice is, moreover, subscribed with petitioner’s name in typed letters on the line marked "Landlord”. Under that line appear the words "c/o Pruzan, Pruzan & Pruzan, attorneys for the landlord” followed by an address and telephone number. The subscription of petitioner’s name is and was intended to be a signature of the landlord, as counsel confirmed to the court in oral argument. The attorneys are identified only to specify those who may be contacted in connection with the notice.
A signature need not be handwritten. "The term signature includes any * * * mark or sign * * * printed, stamped, photographed * * * or otherwise placed upon any * * * writing with intent to execute” it. (General Construction Law § 46.) Assuming a signature to be necessary, the 30-day notice was signed sufficiently.
The instrument served on respondent as a "Notice of Petition hold-over” in this case purports, despite its title, to be something quite different. It is, by its terms, a message from "The People of the State of New York to the tenant”. After sending "greeting” it informs the tenant that "you are hereby required forthwith to remove from the premises”. *595 There follows a demand for a use and occupation money judgment and a description of the premises. Only then, buried deep in the text of the "Notice of Petition” does it continue "or show cause * * * why the possession of said premises should not be awarded to * * * Petitioner”. The instrument is then signed by the clerk of this court.
Under RPAPL 731 a special proceeding such a this one "shall be commenced by service of petition and a notice of petition. A notice * * * may be issued only by an attorney, judge, or the clerk of the court”.*
The predominant message of the present notice of petition, however, is not one of notice. It is rather a command, in terms far more typical of a judgment than a notice, "forthwith to remove”. The qualification that the tenant may yet preserve his tenancy if he should "show cause” is well hidden in the obscurity of the text. And the tone of command is convincingly fortified by the signature of a Civil Court official.
A sample form of notice of petition in residential holdover cases appears in the Uniform Civil Rules for the New York City Civil Court § 208.42 (22 NYCRR) (eff Jan. 6, 1986). A similar form appears in the predecessor Rules of the Civil Court of the City of New York § 2900.21 (22 NYCRR). Although these forms are "an example” and not mandatory, it is significant that they include no words of command or judgment.
The instrument served as a notice of petition in this case should be characterized, not in accordance with its title but with its predominant purport. So characterized, it is not a notice of petition but at best an order to show cause not signed by a Judge. Such an order is rightly treated as a nullity. (See, CPLR 2214 [d]; 403 [d]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2214.-24, p 88.)
In view of the foregoing, no traverse will be required to determine the issue of personal jurisdiction. Since petitioner’s counsel did not sign the 30-day notice, it is unnecessary to consider their authority to do so. Issues raised for the first time in the reply papers will not be considered because petitioner has had no opportunity to argue them.

 In this court, however, an attorney may not sign it. (CCA 401 [c].)