OPINION OF THE COURT
Anthony A. Scarping, J.
Respondent, by order to show cause moves this court to vacate the stipulation entered by the parties on October 15, 1986 in which the court entered a final order of possession for *508 the landlord with a stay through November 17, 1986, claiming that the tenant appearing pro se did not knowingly and intelligently enter into the stipulation. In addition, the respondent raises several jurisdictional issues which might render the petition jurisdictionally defective.
Suffice it to say, the court upon reviewing the transcript of the proceedings conducted on October 15, 1986, is not satisfied with its voir dire of the respondent concerning the stipulation that was entered. The inadequacy requires the court to vacate the stipulation and move on to the jurisdictional attacks on the petition.
First, respondent raises a novel issue which the court can find no case authority. Is petitioner’s failure to state in the petition that respondent is a HUD section 8 tenant (42 USC § 1437Í) and that the section 8 regulations in regard to the termination of respondent’s tenancy have been complied with, a jurisdictional defect pursuant to RPAPL 741 (4), requiring the dismissal of the petition?
Second, the petition filed with the court had the 10-day notice as required by the Federal regulations governing section 8 tenants, attached with an affidavit of service, but did not mention nor have attached the requisite 30-day notice pursuant to the Emergency Tenant Protection Act (ETPA) regulations to which the building was subject. Respondent argues that the failure to mention or attach the 30-day notice required the dismissal of the petition.
Finally, respondent argues that the respective notices (10 and 30 day), if served, were inadequate under Federal and State laws.
Does the requirement of RPAPL 741 (4) that a petition must state the facts upon which the special proceeding is based encompass the reciting in the petition that the tenant is a section 8 tenant governed by HUD regulations?
Although the court is aware of decisions stating failure to allege whether premises are subject to rent control or Emergency Tenant Protection Act may be jurisdictional (Giannini v Stuart, 6 AD2d 418), in the recent past the movement has been to either distinguish cases from Giannini v Stuart or to allow the amending of the petition pursuant to CPLR 3025 (Rosgro Realty Co. v Braynen, 70 Misc 2d 808).
Courts should not rush to divest themselves of jurisdiction by placing form over substance. Pleading compliance with *509 Federal regulations should not be viewed as a condition precedent to the maintaining of the action.
In Matter of Olean Urban Renewal Agency v Herman (50 AD2d 1081) the issue was whether failure to plead compliance with Federal criteria regarding requisites for eviction of urban renewal tenants was jurisdictional. The court aptly stated: "The failure to plead compliance with the Federal criteria does not divest County Court of subject matter jurisdiction. The Federal regulations do not require the local public agency to both allege and prove compliance therewith (cf. Giannini v Stuart, 6 AD2d 418). Pleading compliance as distinguished from proof of compliance with the regulations is not a condition precedent to maintaining a proceeding brought pursuant to article 7 of the Real Property Actions and Proceedings Law (Pelhut Realty Co. v White, 77 Misc 2d 585; Rosgro Realty Co. v Braynen, 70 Misc 2d 808). Where there is both an insufficiency of the pleading and the proof the action must be dismissed (Stier v President Hotel, 28 AD2d 795 * * * Compliance with Federal regulations is a matter of proof.”
It should be noted that it was the City Court of Mount Vernon (Anthony V. Cerchiara, J.) that was reversed in Pelhut Realty Co. v White (77 Misc 2d 585, supra), when it required that the petitioner allege in its petition that the landlord had given the tenant the required 30-day notice of rent increase as required by the Code of Federal Regulations (former 6 CFR 301.502) under the Federal Economic Stabilization Act of 1970.
In addition, this issue differs considerably from a recitation regarding ETPA or rent control. A tenant should be advised from the beginning of a proceeding as to the landlord’s position concerning the apartment in question vis-á-vis coverage by rent control laws of ETPA. This is something that a tenant could not know without the recitation by the landlord.
HUD section 8 tenants, on the other hand, know whether they are section 8 tenants or not. They have entered into an agreement with the local agency or HUD and so there is no guessing as to the landlord’s position.
Accordingly, the court does not feel it is a jurisdictional requirement to recite in the petition that the tenant is a section 8 tenant and as such compliance with certain Federal regulations have been met.
This is not to say that the court would not prefer this recitation in the petition. In fact, this "red flag” would be of *510 great assistance to the court when the parties appear in the first instance. It is very possible that if the section 8 status was indicated in the papers of this case, the court would have proceeded differently in its voir dire of the tenant, which might have resulted in a different decision on the earlier issue of vacating the stipulation. But this failure to allege has only injured the petitioner in question because the court has vacated the prior stipulation and opened "Pandora’s box”.
As to respondent’s second claim that the requisite 30-day notice was not attached to the papers, Margolies v Lawrence (67 Misc 2d 468) is continually cited as the authority for the position that if the papers don’t contain a specific statement describing how the notice to quit was served, a copy of the notice and its affidavit of service must be annexed to the petition for it to satisfy RPAPL 741 (4).
Of course RPAPL 741 (4) in the Margolies case (supra) would be directly related to the service requirements of the notice to quit under Real Property Law § 232-a, which is a more specific requirement as to notice form and service than is required in the case at hand.
Notice and service in this case are controlled by Real Property Law § 232-b. Notice can be in any form as long as it is timely, definite and unequivocal. Service can be made by mail and accordingly Margolies v Lawrence (supra) is not controlling.
The real issue is whether the respondent received the requisite notices as required by Federal and State laws. The court is satisfied with the form of the alleged 30- and 10-day notices in that they satisfactorily comply with the statutory requirements governing their content.
What the court is not satisfied with, even at this stage with all the papers filed by the petitioner, is the service of the 30-day notice. Petitioner’s surreply which attaches an affidavit of service by mail is patently inadequate for it fails to state who the notice was served upon and it is dated November 26, 1986, claiming that service occurred on August 18, 1986.
Accordingly, a traverse hearing must be scheduled to determine service of the 30-day notice.
All other objections raised by the respondent are dismissed.
The case is restored to the Landlord/Tenant Calendar of January 23, 1987 for the selection of a date for a traverse hearing.