OPINION OF THE COURT
Scott Fairgrieve, J.
The petitioner, New Greenwich Gardens Associates, LLC, commenced this summary holdover proceeding on September 17, 2008, requesting: final judgment; possession of the premises to the petitioner landlord; issuance of a warrant to remove respondent from possession thereof; fair value of use and occupancy; attorney’s fees and costs and disbursements.
The respondent, Mary Saunders, who is a Section 8 tenant, moves for a dismissal of this proceeding pursuant to CPLR 404, 406, 2201, 3211 (a) (1), RPAPL 711 (2), 741, 749 and 42 USC § 1437. The respondent moves for dismissal upon the grounds that: (1) the petitioner’s predicate notice and petition fail to allege adequate facts with sufficient specificity as required by law, (2) necessary procedural protections were not complied with by the petitioner, and (3) the petition fails to state grounds justifying the holdover.
The respondent’s first contention is that the petition should be dismissed because the petitioner failed to provide the necessary predicate notices and other procedural requirements as mandated by state law by failing to allege the specific federal housing program governing the respondent’s tenancy. The re *523 spondent alleges the petition is insufficient because it does not state that the respondent’s tenancy is federally subsidized, nor does it identify which program pursuant to the United States Housing Act of 1937 governs her tenancy. In response, the petitioner states that the petition is in compliance with the federal rules and regulations concerning Section 8 tenancies because paragraph 6 of the petition states that “the subject premises are not subject to Rent Control Laws or the Emergency Tenant Protection Act, due to the fact that the premises is located within a building financed by loans from a public agency, that being the United States Department of Housing & Urban Development.” The petitioner further responds that the respondent’s reliance on the alleged failure to plead compliance with the federal rules governing Section 8 tenancies is misplaced as the subject premises are a site-based Department of Housing and Urban Development (HUD) building, where there is no requirement to make any additional notice regarding Section 8, as all paperwork is administered and completed on site.
The fact that the Section 8 status is not alleged in the petition is not necessarily a jurisdictional defect warranting dismissal. In 215-219 Union Ave. Assn. v Miller (134 Misc 2d 507 [Mount Vernon City Ct 1987]), the court did not find it was a jurisdictional requirement to recite in the petition that the tenant is a Section 8 tenant based on the fact that compliance with federal guidelines was met. In Homestead Equities v Washington (176 Misc 2d 459, 462 [Civ Ct, Kings County 1998]), the court ruled that “where the tenant sought to be removed participates in a section 8 program, the petition must allege the section 8 status of the tenant and the premises and must allege petitioner’s compliance with the section 8 regulatory scheme.” In Homestead though, the court dismissed the petition not only because of the petitioner’s failure to allege in the complaint the regulatory status or compliance with applicable federal regulations but also because of the numerous other defects in the petition and notice of termination collectively. In making its decision, the court found that even though the public housing authority was served with a copy of the notice of termination and petition, it was not apprised of the Section 8 status of the tenancy because no statement to that effect was contained in the petition. In the instant case, the petitioner argues that no separate or additional notice needed to be provided because the premises is a “site-based” HUD building, where all the paperwork is completed and administered at the site. An issue *524 exists, to be determined after a hearing, as to whether the public housing authority was on notice of these proceedings and apprised of the Section 8 status of the tenancy based on the fact that the premises are a “site-based” HUD building.
The respondent’s second contention is that this matter should be dismissed as the petitioner has failed to allege sufficient facts in the 30-day notice of termination. The respondent argues that the notice of termination is insufficient because it does not state how many individuals, their names, or any other identifying characteristics or when these people purportedly lived with the respondent. The notice of termination states that the respondent was in material noncompliance in violation of paragraph 13 of her lease because she “allowed several individuals to reside in the subject apartment with [her], without the written consent of the landlord and said individuals are not listed on the Certification and Re-Certification of Tenant Eligibility.” In response, the petitioner states the notice of termination, in accordance with established law, contains all of the allegations necessary to set forth a valid cause of action by setting forth the exact paragraphs in the lease and the rules which the respondent violated. The 10-day notice to cure, which was served prior to the notice to terminate, was attached to the notice to terminate at the time it was served on the respondent.
The 10-day notice to cure states:
“1. Philip Saunders has been using the subject premises as his residence and has registered as such with the NYS Division of Parole;
“2. Richard Saunders represented to the NCPD and the US Marshal Task Force the subject premises was his residence;
“3. On numerous other occasions Philip Saunders and Richard Saunders have been observed residing in the premises and have represented that they reside therein;
“4. Upon information and belief on numerous after [sic] occasion[s], Philip Saunders and Richard Saunders have refused to sign-in and/or signed-in under false or fictitious names at the security desk and caused a disturbance at the building, as set forth in the reports annexed hereto and made a part hereof.”
The petitioner argues that the notice to terminate in conjunction with the notice to cure provided the respondent *525 with an adequate statement of the facts upon which the proceeding is based. The petitioner advised the respondent that her tenancy was being terminated because she permitted individuals to live with her without the knowledge of the petitioner in violation of the lease and HUD guidelines and also because she failed to list all residents on the certification and recertification of tenant eligibility. 24 CFR 247.4 (a) states, in relevant part, that the landlord’s determination to terminate the tenancy shall “(2) state the reasons for the landlord’s action with enough specificity so as to enable the tenant to prepare a defense.” The facts as presented in the notice to cure, which was served on the respondent on July 10, 2008, seem to indicate that the named individuals were residing with the respondent in or around that time. Although no specific dates or range of dates are mentioned, which would be necessary for the petitioner to ultimately prevail, the court finds that at this stage of the proceedings, the notice to terminate in conjunction with the notice to cure provide the respondent with enough specificity, as to the parties involved and the alleged violations, to prepare a defense in this proceeding. Based on the information provided in those documents, the respondent would be able to mount a defense as to whether she allowed the named individuals to live with her in or around the time of the service of the notice to cure in violation of the lease and HUD guidelines, and whether she listed all the residents on the certification and recertification of tenant eligibility.
The respondent’s third contention is that this matter should be dismissed because the termination date on the notice to terminate does not coincide with the end of the monthly term. The respondent relies on Real Property Law § 232-b for the applicable law governing time frames for commencing a holdover proceeding.
Real Property Law § 232-b states:
“A monthly tenancy or tenancy from month to month of any lands or buildings located outside of the city of New York may be terminated by the landlord or the tenant upon his notifying the other at least one month before the expiration of the term of his election to terminate; provided, however, that no notification shall be necessary to terminate a tenancy for a definite term.”
The respondent argues that the date of August 29, 2008, which was the date on the notice to terminate, was an improper *526 date for terminating the lease as the lease term would not naturally expire until October 31, 2008. The respondent states, in paragraph 11 of her affidavit, that although she was only able to find a copy of the lease that she signed on or about November 1, 2004, running through October 31, 2005, the essential and relevant terms of her lease from year to year have remained the same and are those terms required under HUD guidelines. The petitioner argues that this proceeding was not commenced under Real Property Law § 232-b as a proceeding to terminate a month-to-month tenancy but was for material noncompliance under United States Department of Housing and Urban Development Handbook (HUD Handbook) 4350.3 REV-1, chapter 8, paragraph 8-13.
HUD Handbook 4350.3 REV-1, chapter 8, 1i 8-13 (B) (2) (d) states that “[w]hen terminating tenancy for material noncompliance, the time of service of the termination notice must be in accordance with the lease and state law.” Figure 8-2 of HUD Handbook 4350.3 REV-1, chapter 8,11 8-12, labeled “Allowable Circumstances for Terminating Tenancy” designates “[m]aterial noncompliance” as being separate and distinct from “[o]ther good cause.” The lease under paragraph 23 (d) states in pertinent part that “terminations for other good cause may only be effective as of the end of any initial or successive term” but does not refer to material noncompliance in that regard. Paragraph 23 (e) of the lease states that if the landlord proposes to terminate the lease, written notice must be given to the tenant. Paragraph 23 (e) describes the manner in which notice for termination for “other good cause” should be made, but for material noncompliance it only says, “Notices of proposed termination for other reasons must be given in accordance with any notice period required by State and local law.” Neither the lease nor Real Property Law § 232-b dictate the timing of service where termination is for material noncompliance. In the instant case, the notice to terminate was served 30 days prior to the termination date. Therefore, as the lease is for a definite term and being terminated for material noncompliance, the respondent’s motion to dismiss is denied.